Bryan J. Sinclair (SBN 205885)
bryan.sinclair@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, CA  94304
Telephone:  (650) 798-6700
Facsimile:   (650) 798-6701

Sara N. Kerrane (SBN 259239)
sara.kerrane@klgates.com
K&L GATES LLP
1900 Main Street, Suite 600
Irvine, CA 92614-7319
Telephone: (949) 253-0900
Facsimile:  (949) 253-0902

Attorneys for Defendant
AMAZON.COM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JOE NOMURA TETSUYA,<br><br>             Plaintiff,<br><br>      vs.<br><br>AMAZON.COM, INC.,<br><br>             Defendant. | Case No. CV 11-01210 HRL<br><br>**DEFENDANT AMAZON.COM, INC.'S NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**<br><br>Date: June 28, 2011<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 2, 5th Floor<br>Judge: Magistrate Judge Howard R. Lloyd |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 28, 2011 at 10:00 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Howard R. Lloyd, Courtroom 2, 5th floor, located at 280 South 1st Street, San Jose, California, Defendant Amazon.com, Inc. ("Amazon"), will and hereby does move this Court for an Order dismissing this case, or in the alternative, dismissing the claim for infringement and striking Plaintiff's claim for relief pursuant to 35 U.S.C. § 154(d).

# MOTION

Defendant Amazon hereby moves this Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the Complaint for patent infringement Plaintiff Joe Nomura Tetsuya filed on March 11, 2011, for failure to state a claim upon which relief can be granted.

In the alternative, Amazon will and hereby does move this Court for an Order dismissing the claim for patent infringement and striking Plaintiff's claim for pre-issuance damages under 35 U.S.C. § 154(d), on the grounds that Plaintiff has not pled pre-issuance notice of infringement required under Section 154(d).

The full and legal basis for this Motion is set forth in the accompanying Memorandum of Points and Authorities. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Bryan J. Sinclair, the pleadings and other papers filed in this action, and such other matters as may be presented to the Court at the hearing on this Motion.

K&L GATES LLP

Dated: May 16, 2011     By: /s/ *Bryan J. Sinclair*
                           Bryan J. Sinclair
                           Sara N. Kerrane

                           Attorneys for Defendant
                           AMAZON.COM, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Amazon.com, Inc. ("Amazon") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the Complaint Plaintiff Joe Nomura Tetsuya ("Plaintiff") filed on March 11, 2011.

## I.     INTRODUCTION

On March 11, 2011, Plaintiff filed a complaint against Amazon alleging infringement of U.S. Patent No. 7,254,622 ("the '622 patent"). In the Complaint, Plaintiff asserts that Amazon "violated" U.S. Patent No. 7,254,622 ("the '622 patent") by using the patent's "methodology" and "may have" also violated 35 U.S.C. §§ 102(a) and (b), 103(a), and 154(d). Amazon contends that the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6), because it fails to satisfy the minimum pleading standard set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*,__ U.S. __, 129 S. Ct. 1937 (2009). Namely, Plaintiff's bare assertions lack *any* information about which claim(s) of the published application and patent Amazon has allegedly infringed and what specific Amazon product(s) are alleged to infringe those claim(s). Further, Plaintiff's claim to pre-issuance damages resulting from his provisional rights under 35 U.S.C. § 154(d) fails to assert that Plaintiff provided Amazon with actual notice of the published application and allegation of infringement of the then-pending claims.

As discussed below, the Supreme Court's recent opinions have clarified that in order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570 ). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is simply not enough. *Iqbal*, 129 S. Ct. at 1949. In light of this standard and the Complaint's lack of a plausible claim, Plaintiff's naked assertions of infringement, without more, should be dismissed.

Alternatively, pursuant to Rule12(f) of the Federal Rules of Civil Procedure, this Court should dismiss Plaintiff's claim for infringement and strike Plaintiff's claim for pre-issuance damages under 35 U.S.C. § 154(d) for failure to plead the requisite pre-issuance notice of alleged infringement to Amazon.

## II.  FACTUAL BACKGROUND

Plaintiff brought this action before this Court on March 11, 2011.  Although it is not entirely clear on the face of the Complaint and not properly plead, Plaintiff appears to claim that Amazon has somehow infringed the '622 patent and Plaintiff's provisional rights thereto arising from the published application, through unauthorized use of the claimed invention.  In support, Plaintiff avers that Amazon used "the patents [*sic*] outlined business model (attached numbers 113, 114, and 116) as it relates to the field background, summary, description and abstracts it associates and denotes." (Compl. ¶ 4.)[1]  Notably, the Complaint fails to identify what claim(s) are purportedly infringed, and what Amazon product or service is alleged to infringe any claim of the '622 patent.

Plaintiff also claims Amazon "may have" violated Sections 102(a) and (b), 103(a) and 154(d) through of its infringing use.  (Compl. ¶ 4.)  However, Sections 102 and 103 only address issues of patentability, and not infringement, and thus do not form the basis for a cause of action against Amazon.  Moreover, in addition to lacking information regarding the nature of the infringement, as discussed *supra*, Plaintiff's accusation that Amazon violated his provisional rights under Section 154(d) fails to include factual information regarding what, if any, pre-issuance notice of alleged infringement Plaintiff provided Amazon.

Plaintiff has asked the Court for "judgment costs" pursuant to 35 U.S.C. § 284 from June 20, 2002 to the present, as well as "future damages" as "agreed upon by all parties involved."  (Compl. ¶ 5.)  Such relief is unwarranted given Plaintiff's failure to sufficiently plead facts constituting a viable claim of infringement as set forth by the United States Supreme Court in *Twombly* and *Iqbal*.

---

[1] The "business model" to which the Plaintiff refers are simply various excerpts from the '622 Patent drawings.  (See Declaration of Bryan J. Sinclair ISO Motion to Dismiss, Exh. A at 2.)

4

Notice and Motion To Dismiss Plaintiffs' Complaint For Failure To State A Claim Upon Which Relief Can Be Granted
Case No. CV 11-01210 HRL

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH THIS COURT CAN GRANT RELIEF

#### A. Plaintiff's Allegation of Infringement Fails to State a Claim for Relief as Required by the *Twombly-Iqbal* Pleading Standard

The Federal Rules of Civil Procedure Rule 8(a)(2) requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Rule 12(b)(6) allows a defendant to challenge the legal sufficiency of a plaintiff's complaint and to be spared of "the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). While detailed factual allegations are not necessary to survive a Rule 12(b)(6) attack, in 2007, the United States Supreme Court acknowledged a need for a mechanism to weed out baseless claims early in a lawsuit "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 544 (internal citations omitted).

The *Twombly* Court explained that "a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). "Threadbare recitals of the elements of a cause of action" forming legal conclusions "couched" as factual allegations are insufficient to meet the *Twombly-Iqbal* pleading standard. *Iqbal*, 129 S. Ct. at 1949-50 (citing *Twombly*, 550 U.S. at 556).

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper where, as here, a complaint fails to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "Plausibility" requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).


Case5:11-cv-01210-HRL   Document10   Filed05/16/11   Page6 of 9

Determining the sufficiency and plausibility of a complaint is a "context-specific" task that requires the court to find "more than mere possibility of misconduct[.]" *Iqbal*, 129 S. Ct. at 1950.  Complaints that provide little more than legal conclusions are not entitled to an assumption of truth.  *Id.*  Here, Plaintiff has clearly failed to meet this base pleading requirement.  His one-page Complaint and the attachment thereto are starkly void of facts that support the claim that Amazon has  made, used, offered for sale, or sold in the United States any product or service that infringes an invention claimed in the '622 patent.  Without more, Amazon will be unable to provide a proper response to the Complaint, identify persons knowledgeable on the subject matter at issue in the case, or retain the necessary documents for the case.  At the very least, Amazon must be given the opportunity to adequately prepare itself to defend against accusations of infringement.  Because the asserted facts, accepted as true, lack the "factual enhancement" necessary to satisfy the specificity and plausibility requirement of the *Twombly-Iqbal* test, the Complaint should be dismissed for failing to state a claim upon which the Court can grant relief.[2].

**B.    Plaintiff's Insufficient Claim for Relief Is Further Evidenced by His Failure to Plead Actual Notice as Required by 35 U.S.C. § 154(d)**

Plaintiff claims a right to past reasonable royalties based on his provisional rights pursuant 35 U.S.C. § 154(d).  A patent owner's provisional rights to reasonable royalties under Section 154(d) arises when a person makes, uses, offers for sale, or sells in the United States the claimed invention *and* has actual notice of the published patent application.  35 U.S.C. § 154(d)(1).  In other words, the accused infringer must have provided *actual notice* of the published patent application to the accused infringer who must have infringed one or more of the published claims.  Robert A. Matthews, Jr., Annotated Patent Digest § 9:26.50 (2011).

The legislative history explains that the "requirement of actual notice is critical.  The mere fact that the published application is included in a commercial database where it might be found is

---

[2] Indeed, even if we apply a more lax pleading standard to this pro se litigant, his obligation to sufficiently plead facts that support a cognizable legal claim remains unfulfilled.  *See Hall v. Witteman*, 584 F.3d 859, 863-64 (10th Cir. 2009) (holding that although pro se litigants are held to less stringent standards, they are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim); see also, *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002).


Notice and Motion To Dismiss Plaintiffs' Complaint For Failure To State A Claim Upon Which Relief Can Be Granted
Case No. CV 11-01210 HRL

1   insufficient.  The applicant must give actual notice of the published application to the accused
2   infringer and explain what acts are regarded as giving rise to provisional rights."  H. Rep. No. 106-
3   287, at 55 (1999).  Section 287(a) further elaborates that "actual notice" requires the patentee to
4   affirmatively communicate "a specific charge of infringement by a specific accused product or
5   device[.]"  In other words, the plaintiff must affirmatively plead that the accused infringer had actual
6   notice of the published application beyond its mere ability to find it in a commercial database.
7       Here, Plaintiff has wholly failed to meet these pleading requirements.  Plaintiff has failed to
8   plead that Amazon had **any** notice of the published application that eventually became the '622
9   patent.  Plaintiff only accuses Amazon of "using the methodology associated in the patents [*sic*]
10  outlined business model … as it relates to the field, background, summary, description and abstracts
11  it associates and denotes." (Compl. ¶ 4.)
12      A claim for reasonable royalties based on provisional rights requires a showing of actual
13  notice of the invention as claimed in the published patent application.  Without any facts that support
14  Plaintiff's contention that anyone provided Amazon with actual notice of the published application,
15  the Complaint lacks the minimum factual basis required to satisfy the specificity and plausibility
16  requirements of the *Twombly-Iqbal* standard.  To meet such requirements, the Complaint would have
17  to, at a minimum, include factual allegations sufficient to establish a plausible claim that Plaintiff
18  provided Amazon with actual notice of the published application and that the notice included
19  information about "the identity of the specific infringing products and some articulated reason to
20  suspect that the products were made in violation of the patent-in-suit."  *Prestige Pet Products, Inc. v.*
21  *Pingyang Huaxing Leather & Plastic Co., Ltd.*, 2011 WL 727869, at *5 (E.D. Mich. Mar. 3, 2011)
22  (citing *Bender v. LG Elec. USA, Inc.*, No. 09-02114, 2010 WL 889541, at *4 (N.D. Cal. Mar.
23  11.2010)).
24      The Complaint, however, lacks any factual basis beyond "naked assertions" and fails
25  to state a claim to relief that is minimally plausible and specific on its face.  *Twombly*, 550
26  U.S. at 557; *see also Prestige Pet Products, Inc.*, 2011 WL727869, at *5 (granting
27  defendants' motion to dismiss plaintiff's claim to reasonable royalties pursuant to 35 U.S.C. §
28  154(d) because defendants did not have actual notice that they were infringing the claimed

1  invention.)  Without a plausible assertion that anyone provided Amazon with actual notice of
2  the published application as well as infringement of one or more published claims, the Court
3  must dismiss Plaintiff's claim for damages resulting from his provisional rights under Section
4  154(d).

**IV.   ALTERNATIVELY, AMAZON MOVES TO STRIKE PLAINTIFF'S REQUEST FOR REASONABLE ROYALTIES BASED UPON PROVISIONAL RIGHTS, FROM THE COMPLAINT**

In the event that the Court deems a dismissal under Rule 12(b)(6) to not be the appropriate remedy to Plaintiff's deficient pleading, the Court may, under Rule 12(f), strike from a pleading any immaterial or impertinent matter.  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that [arises] from litigating spurious issues by dispensing with those issues prior to trial. "  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  If the motion can "[streamline] the ultimate resolution of the action, the motion to strike will be well taken."  *California v. United States*, 512 F.Supp. 36, 38 (N.D. Cal 1981).

It is clear that a defendant in a patent infringement action may move to strike damages in the complaint to which a plaintiff is not entitled.  *See Mission I-Tech Hockey Ltd. v. Oakley, Inc*., 394 F. Supp. 2d 1270, 1276 (S.D. Cal. 2005) (striking plaintiff's prayer for damages for infringement due to lack of entitlement to damages as a licensee).  Moreover, a defendant in a patent infringement case is also entitled to have a type of damages stricken for failure to adequately plead the required notice. *See F5 Networks, Inc. v. A10 Networks, Inc*., No. C07-1927RSL, 2008 WL 687114, at *1 (W.D. Wash. Mar. 10, 2008) (striking prayer for treble damages based on failure to properly plead notice in connection with willful infringement claim).

As explained above, the provision of pre-issuance notice of infringement to a defendant is a necessary requisite to maintain a claim for pre-issuance damages under 35 U.S.C. § 154(d).  As the Plaintiff has failed to adequately plead actual notice to Amazon, pursuant to Rule 12(f), the Court should strike Plaintiff's request for reasonable royalties "per year from June 20th 2002" resulting from alleged provisional rights under 35 U.S.C. § 154(d). Fed. R. Civ. P. 12(f); (Compl. ¶ 5.)

## V.     CONCLUSION

Because the Complaint against Amazon fails to meet the minimum pleading requirements under *Twombly* and *lqbal,* this Court should grant Amazon's motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and dismiss the Complaint and prayer for relief it its entirety.  Alternatively, the Court should dismiss the single deficient claim for infringement of the '622 Patent under Rule 12(b)(6) for failure to state a claim and strike, pursuant to Rule 12(f), Plaintiff's prayer for pre-issuance damages under 35 U.S.C. § 154(d) for failure to plead that Amazon received actual notice of infringement prior to the issuance of the '622 Patent.

K&L GATES LLP

Dated:  May 16, 2011           By:   /s/ *Bryan J. Sinclair*
                                      Bryan J. Sinclair
                                      Sara N. Kerrane

                                      Attorneys for Defendant
                                      AMAZON.COM, INC.

PL-53109 v2