**\*E-FILED 06-22-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE NOMURA TETSUYA, | No. C11-01210 HRL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| AMAZON.COM, INC., | [Re: Docket No. 10] |
| Defendant. | |

Plaintiff Joe Nomura Tetsuya sues for alleged infringement of U.S. Patent No. 7,254,622 ('622 patent). Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Amazon.com, Inc. (Amazon) moves to dismiss the complaint. Amazon moves, in the alternative, to strike portions of the complaint pursuant to Federal Rule of Civil Procedure 12(f). All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The matter is deemed suitable for determination without oral argument, and the June 28, 2011 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court grants defendant's motion to dismiss with leave to amend.

LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement"

1  showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a
2  right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55
3  (2007). However, only plausible claims for relief with survive a motion to dismiss. Ashcroft v.
4  Iqbal, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content
5  "allows the court to draw the reasonable inference that the defendant is liable for the
6  misconduct alleged." Id. at 1949. A plaintiff does not have to provide detailed facts, but the
7  pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me
8  accusation." Id. at 1950.

9  In deciding a motion to dismiss, the court is ordinarily limited to the face of the
10 complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The
11 factual allegations pled in the complaint must be taken as true and reasonable inferences drawn
12 from them must be construed in favor of the nonmoving party. Cahill v. Liberty Mutual Ins.
13 Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995)
14 (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court
15 cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged."
16 Associated General Contractors of California, Inc. v. California State Council of Carpenters,
17 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are
18 merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v.
19 Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness
20 Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187
21 (9th Cir. 2001).

                                    DISCUSSION

23 As stated above, a claim is plausible if its factual content "allows the court to draw the
24 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at
25 1949. Tetsuya's Complaint fails to do so. For instance, Tetsuya fails to allege which claims of
26 the '622 patent have been infringed and what Amazon products or services infringe them and
27 how. Instead, he simply alleges that the '622 patent "was violated by [Amazon] by using the
28 methodology associated in the patents [sic] outlined business model . . .." Complaint at 1. This

is not enough. Tetsuya's references to 35 U.S.C. §§ 102(a)-(b), 103, and 154(d) are also unclear. 35 U.S.C. §§ 102 and 103 involve patentability, not infringement. And, 35 U.S.C. § 154(d) involves a patent owner's provisional rights to reasonable royalties, but Tetsuya never alleges that Amazon had actual notice of the '622 patent, a requirement under that section. 35 U.S.C. § 154(d)(1). In sum, Tetsuya's complaint fails to state a claim upon which relief can be granted.

Accordingly, Amazon's motion to dismiss is granted. Because it is not clear that amendment would be futile, Tetsuya's complaint is dismissed without prejudice.

ORDER

Based on the foregoing, Amazon's motion to dismiss is granted. The court does not reach Amazon's alternate motion to strike portions of the complaint. If Tetsuya elects to amend his complaint, he shall file his amended pleading within 30 days from the date of this order.

SO ORDERED.

Dated:    June 22, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  5:11-cv-01210-HRL Notice has been electronically mailed to:

2  Bryan J. Sinclair     bryan.sinclair@klgates.com, adrienne.wilson@klgates.com

3

4  5:11-cv-01210-HRL Notice mailed to:

5  Joe Nomura Tetsuya
   3288 Pierce Street
6  Suite C-129
   Richmond, CA 94804
7
              Pro Se Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28