1    Tetsuya Joe Nomura
     3288 Pierce Street, Suite C129
2    Richmond, CA 94804-5952
     Tel: (510) 200-4381
3    VoD.JN@gmx.us

4    Plaintiff, *Pro Se*

5

6                    UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                         SAN JOSE DIVISION

9

10   Tetsuya Joe Nomura,                    Case No.: **C11-01210 HRL**

11                                          **PLAINTIFF'S NOTICE OF MOTION
                                            AND AMENDED MOTION TO
12                                          DISMISS COUNTERCLAIMS AND
             Plaintiff and Counterdefendant, STRIKE AFFIRMATIVE DEFENSES
13                                          AND FOR SUMMARY JUDGMENT
                                            AND [PROPOSED] ORDER**
14

15       vs.

16

17   AMAZON.COM, INC.,

18

19           Defendant and Counterclaimant.

20                                          **Hearing**
                                            Date: **Tuesday, November 15, 2011**
21   AND RELATED COUNTERCLAIMS             Time: **10:00 am**
                                            Judge: **Hon. Howard R. Lloyd**
22                                          Courtroom: **2, 5th Floor**

23       /

24       /

25       /

26       /

27       /

28       /

-Cover Page-

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................................................i

TABLE OF AUTHORITIES.........................................................................................iii

NOTICE OF MOTION AND MOTION.........................................................................1

STATEMENT OF ISSUES............................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES..................................................2

I. INTRODUCTION........................................................................................2

II. BACKGROUND.........................................................................................3

III. LEGAL ARGUMENT................................................................................4

   A. Rule 12(b)(6) Standard..........................................................................4

   B. Amazon's Affirmative Defenses Should Be Stricken...............................5

     1. Amazon's "First Affirmative Defense (Failure to State a Claim)" should be stricken..5

     2. Amazon's "Second Affirmative Defense (No Patent Infringement)", "Third Affirmative Defense (No Indirect, Contributory or Induced Infringement)", "Fourth Affirmative Defense (Patent Is Invalid)", and "Fifth Affirmative Defense (Patent Is Unenforceable)" should be stricken....................................................................5

     3. Amazon's "Sixth Affirmative Defense (Substantial Non-Infringing Use)" should be stricken...................................................................................................6

     4. Amazon's "Seventh Affirmative Defense (Prior Use Right)" should be stricken.........7

     5. Amazon's "Eighth Affirmative Defense (Dedication to the Public)" should be stricken...................................................................................................8

     6. Amazon's "Ninth Affirmative Defense (Limitation on Damages)" should be stricken..................................................................................................8

     7. Amazon's "Tenth Affirmative Defense (No Injunctive Relief)" should be stricken.....9

     8. Amazon's "Eleventh Affirmative Defense (Failure to Properly Plead Willful Infringement)" should be stricken....................................................................9

       (i). "Willful Intent" or "Willful Infringement".........................................10

9. Conclusion: Amazon's Affirmative Defenses should be stricken...............................14

(i). Patent Infringement Damages.................................................................14

C. Summary Judgment, Rule 56 Standards.........................................................18

CONCLUSION..............................................................................................20

[PROPOSED] ORDER.....................................................................................23

EXHIBIT 01................................................................................................25

"Amazon.com Help: Amazon Instant Video Terms of Use (Updated 2/22/2011)".................25

EXHIBIT 02................................................................................................30

"First look: new Amazon Video on Demand delivers, with caveat"................................30

EXHIBIT 03................................................................................................34

"End User: Prime Time for Amazon Instant Video"................................................34

EXHIBIT 04................................................................................................39

"Amazon.com Help: Conditions of Use"............................................................39

EXHIBIT 05................................................................................................46

"Amazon.com Help, Non-Exhaustive List of Amazon Trademarks".....................................46

EXHIBIT 06................................................................................................49

"Amazon.com Help- Non-Exhaustive List of Amazon-affiliate Patents"..............................49

EXHIBIT 07................................................................................................51

Emails to and from Amazon Counsel, Bryan Sinclair, on Monday, September 19, 2011.......51

## **TABLE OF AUTHORITIES**

### **CASES**

**Page**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 255 (1986)..........................................................10, 19

*Aro Mfg. Co. v. Convertible Top Co.*, 377 U.S. 476, 507 [141 USPQ 681] (1964).....................15

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)............................................................................1

*Bai v. L & L Wings*, 160 F.3d 1350, 1353 (Fed. Cir. 1998)...........................................20

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).........................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).......................................................1, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007).............................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 557 (2007).............................................................2

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)...............................4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).......18

*Coinstar, Inc. v Coinbank Automated Systems*, C97-20536-EAI (N.D. Cal. Jan. 26, 1998)........18

*Eon-Net LP v. Flagstar Bancorp*, No. 2:05-CV-2129, Judgment (ECF No. 200)
     (W.D. Wash. Jun. 21, 2010)...............................................................................10

*Grosz v. Lassen Cmty. College Dist.*, 572 F. Supp. 2d 1199, 1207 n.11 (E.D. Cal. 2008)............4

*In re Seagate*, 497 F. 3d 1360 (Fed. Cir. 2007).......................................................17

*Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc.*, 761 F.2d 649 (Fed.Cir.1985)..............15

*Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009)..............................16

*Mag Instrument, Inc. v. JS Prods.*, 595 F. Supp. 2d 1102, 1107 (C.D. Cal. 2008).......................5

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*),
     *aff'd*, 517 U.S. 370 (1996).....................................................................................19

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586,
     106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)...........................................................18, 19

*Microsoft Corp. v. i4i Limited Partnership Et Al.*, (No. 10-290) 598 F. 3d 831 (2011)................2

*Quabon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)...............1, 5, 14

-iii-

*Polaroid Corp. v. Eastman Kodak Co.*, 1481, 1484 [16 USPQ 2d] (1990)..........................15, 17

*Radio Corp. of America v. Radio Engineering Laboratories, Inc.*, 293 U. S. 1 (1934)..................2

*Rheox, Inc. v. Entact, Inc.*, 276 F.3d 1319, 1324 (Fed. Cir. 2002)...............................................20

*Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1544-49 (Fed Cir. 1995) (*en banc*).......................17

*Uniloc USA, Inc. v. Microsoft Corp.*, decided Jan. 04, 2011 (2010-1035, -1055)........................16

*Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)......................................................5

## RULES

**Page**

Fed. Rule of Civ. Proc. 8..............................................................................................................4, 5

Fed. Rule of Civ. Proc. 8(a)................................................................................................................5

Fed. Rule of Civ. Proc. 9(b)................................................................................................................5

Fed. Rule of Civ. Proc. 12(b)(6)......................................................................................................1, 4

Fed. Rule of Civ. Proc. 12(f)...............................................................................................................1

Fed. Rule of Civ. Proc. 56...................................................................................................1, 18, 19

Local Rule 16-9(a).............................................................................................................................12

## STATUTES

**Page**

35 U.S.C. § 100 et seq., including but not limited to 101, 102, 103, 112, and 252.....................1, 4

35 U.S.C. § 235.................................................................................................................................10

35 U.S.C. § § 154 and 286-288.........................................................................................................14

35 U.S.C. § 284............................................................................................................................15, 16

-iv-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, November 15, 2011 at 10:00 am or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Howard R. Lloyd, United States District Court, 280 S. First Street, San Jose, CA 95113, Plaintiff Tetsuya Joe Nomura ("*Nomura*") will move the Court for an order dismissing the Counterclaims of Defendant Amazon.com, Inc. ("*Amazon*") pursuant to Fed. Rule of Civ. Proc. 12(b)(6), and for an order striking the Affirmative Defenses pursuant to Fed. Rule of Civ. Proc. 12(f), and for an order of Summary Judgment pursuant to Fed. Rule of Civ. Proc. 56. These motions are based on the Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, all pleadings on file in this action, oral argument of counsel, and any other matter(s) that may be submitted before and during the hearing.

## STATEMENT OF ISSUES

Plaintiff *Nomura* respectfully brings this motion to dismiss *Amazon*'s two (2) Counterclaims –asking for declaratory judgment(s)– that allege the Defendant does not, directly or indirectly, infringe any valid enforceable claim of the *'622* patent either literally or by application of the doctrine of equivalents and then restates the same generic general claim, again while adding patent invalidity for failure to meet the conditions of patentability of and to otherwise comply with one or more of 35 U.S.C. § 100 *et seq.*, including but not limited to 101, 102, 103, 112, and 252. Defendant's counterclaims fail to meet the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

Similarly, this motion respectfully requests the Defendant's affirmative defenses be stricken because they are stated in general and conclusory terms and fail to give Plaintiff sufficient notice of the defenses. See *Quabon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). Defendant's deficient counterclaims and affirmative defenses also fail to provide a sufficient level –or any level, for that matter– of evidence in support thereof, all of which provides sufficient leave for this Court to dismiss said counterclaims and strike said defenses- post-haste.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.      INTRODUCTION**

3        Plaintiff *Nomura* applied for United States patent registration on December 15, 2000.  On

4  August 07, 2007, United States Patent No. 7,254,622 (herein "*'622*") was duly and legally issued

5  for Plaintiff *Nomura*'s computer implemented invention (herein "*CII*") entitled "VIDEO-ON-

6  DEMAND SYSTEM" (herein "*VoD*").  Plaintiff *Nomura* was assigned the *'622* patent and

7  continues to hold all rights and interest in said *'622* patent.  A true and correct copy of the *'622*

8  patent (including the official "Certificate of Correction") is attached to Plaintiff *Nomura*'s

9  amended complaint, submitted Aug. 26, 2011, as EXHIBIT 01 [Dkt. No. 34].

10        The two (2) counterclaims, appended by Defendant *Amazon* to its Answer, fail to

11  describe anything approaching the "burden of proof" that patent *'622* is invalid and

12  unenforceable.  In fact, Defendant's recent pleading, read in the light most favorable to *Amazon*,

13  simply alleges, in broad grossly general terms, that:  1)  *Amazon* has not infringed; and  2)

14  patent *'622* is invalid and unenforceable; and/or 3)  if patent *'622* is valid and enforceable, then

15  *Amazon* claims "First Use" and/or "Dedication to the Public" rights.

16        Moreover, *Amazon* has, to date, proffered no material facts and no evidence –factual or

17  otherwise– to support any of their claims -or- more importantly, as the Honorable Justice

18  Thomas concurred, *Amazon* has failed to meet the "heightened standard of proof set forth in

19  *Radio Corp. of America v. Radio Engineering Laboratories, Inc.*, 293 U. S. 1 (1934)—which has

20  never been overruled by this Court or modified by Congress—applies" as required for proving

21  such alleged patent invalidity, as decided June 09, 2011 by the United States Supreme Court in

22  *Microsoft Corp. v. i4i Limited Partnership Et Al.*, (No. 10-290) 598 F. 3d 831 (2011).

23        Claimants, like *Amazon* here, must allege sufficient facts to "plausibly suggest[] that the

24  pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Ignoring this

25  standard, *Amazon*'s counterclaims simply incorporate all the preceding paragraphs and then

26  allege, in bare conclusory terms, that *Amazon* has not or does not infringe while also alleging in

27  vague formulaic claims that Plaintiff's *'622* patent fails to meet certain patentability standards of

28  35 U.S.C.  All of *Amazon*'s counterclaims –which do not even attempt to include specific factual

1   allegations– fall far short of the *Twombly* standard and should, therefore, be dismissed.

2        In any event, *Amazon* should not be able to use these general conclusory counterclaims as

3   a way to substitute and delegate –onto this Court– *Amazon's* own responsibilities and obligations

4   to prove its inadequately-pled claims in this case.  Because those claims have little-to-no factual

5   content, or evidentiary support, it is impossible to tell what facts support said claims and

6   whether, for example, they are another way to simply allege that Plaintiff's *'622* patent is "invalid

7   and unenforceable".  Therefore *Amazon's* counterclaims should be dismissed- post-haste.

8   **II.     BACKGROUND**

9        Filing suit on March 11, 2011 [Dkt. No. 01]- Plaintiff *Nomura* brought this action against

10  the Defendant to stop *Amazon's* illegal unauthorized use –of the *CII* (computer implemented

11  invention) described, claimed, and disclosed in Plaintiff *Nomura's '622* patent– without license

12  or lawful right.  *Amazon's* willful infringement –as it has been discovered– includes but is not

13  limited to, *Amazon's* business(es), process(es), method(s), and technology(ies) –or significant

14  portions thereof– used directly or indirectly by *Amazon,* its affiliates and third-parties,

15  throughout the State of California, the United States, and most other countries in the world.

16  *Amazon* moved, repeatedly, to dismiss with prejudice Plaintiff's complaint, in its entirety.

17  Instead, Plaintiff was granted a motion to dismiss with leave to amend.  On August 26, 2011,

18  Plaintiff submitted –on time and as required– an amended complaint, which identifies the ways

19  and means by which *Amazon* is, in fact, infringing Plaintiff *Nomura's '622* patent as well as

20  Plaintiff's specific prayers for relief.  Plaintiff *Nomura* also submitted relevant factual evidence

21  in support thereof.

22        In response to Plaintiff's amended complaint, *Amazon* filed affirmative defenses and

23  counterclaims on September 12, 2011 [Dkt. No. 35].  *Amazon* denied the vast majority of the

24  factual allegations in Plaintiff *Nomura's* amended complaint and asserted eleven (11) affirmative

25  defenses without any factual allegations of their own.  Also without any factual allegations,

26  *Amazon* asserted two (2) counterclaims against Plaintiff, alleging *Amazon's* complete innocence

27  from any infringement.  *Amazon* also, indirectly, claims –again, with no supporting evidence or

28  facts– that Plaintiff *Nomura's '622* patent is invalid and unenforceable.

1    *Amazon*'s counterclaims purport to incorporate gross generalizations like, "Amazon has

2    not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the

3    '622 patent either literally or by application of the doctrine of equivalents", and, "The '622 patent

4    is invalid for failure to meet the conditions of patentability of and to otherwise comply with of

5    one or more of 35 U.S.C. § 100 *et seq.*, including but not limited to 101, 102, 103, 112, and

6    252."

7         Yet, beyond these bald pronouncements, *Amazon* has demonstrated little-to-no factual

8    plausible actionable answers, claims, and defenses relevant to this case. Their responses are

9    shallow hollow failed attempts at meeting the basic requirements under Fed. Rule of Civ. Proc. 8

10   to provide a "statement of the claim showing that the pleader is entitled to relief" or meeting the

11   standards of Fed. Rule of Civ. Proc. 12(b)(6) that require factual allegations, not conclusions or

12   generalizations.

13        The material facts submitted herein support and reinforce Plaintiff *Nomura*'s motion to

14   dismiss all of *Amazon*'s counterclaims and strike all of *Amazon*'s affirmative defenses.

15   **III.    LEGAL ARGUMENT**

16        **A.    Rule 12(b)(6) Standard**

17        Claims can be dismissed under Fed. Rule of Civ. Proc. 12(b)(6) "based on the lack of a

18   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

19   theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). To avoid

20   dismissal, "plaintiffs must plead facts showing they are entitled to relief." *Grosz v. Lassen Cmty.

21   College Dist.*, 572 F. Supp. 2d 1199, 1207 n.11 (E.D. Cal. 2008). "A plaintiff's obligation to

22   provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

23   formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

24   (internal quotation marks omitted). Although "all allegations of material fact are taken as true

25   and construed in the light most favorable to the nonmoving party," *Cahill v. Liberty Mut. Ins.

26   Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), a complaint or counterclaim must "raise a right to

27   relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

28        *Amazon*'s counterclaims allege no facts that, if true, either sufficiently prove Plaintiff

1  *Nomura*'s '622 patent is actually invalid and unenforceable or sufficiently prove "an actual case

2  or controversy exists between *Amazon* and Plaintiff as to whether the '622 patent is infringed by

3  Amazon" for which any judicial declaration(s) would be necessary.  Clearly, *Amazon* falls far

4  short of meeting the standard set forth in *Twombly* and its progeny.

**B.**     **_Amazon's Affirmative Defenses Should Be Stricken._**

6         *Amazon*'s Answer includes eleven (11) affirmative defenses which are also stated in

7  general and conclusory terms.  All of these affirmative defenses should be stricken.  See

8  *Quabon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("Affirmative

9  defenses are governed by the same pleading standard as complaints."); see also *Wyshak v. City*

10  *Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of

11  pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *Mag*

12  *Instrument, Inc. v. JS Prods.*, 595 F. Supp. 2d 1102, 1107 (C.D. Cal. 2008) (same).

**1.**     **_Amazon's "First Affirmative Defense (Failure to State a Claim)"_**

14            **_should be stricken._**

15         *Amazon*'s "First Affirmative Defense (Failure to State a Claim)" is so conceptually weak

16  and exceptionally vague as to its broad unspecific references to/of Fed. Rule of Civ. Proc. 8 and

17  Fed. Rule of Civ. Proc. 9(b) that it:  1)  provides absolutely no clear context;  2)  is neither

18  cognizant, coherent nor cogent;  and, therefore,  3)  is lacking sufficient definitive clarity as to

19  establish any appropriate potential defense or appropriate notice for such defense.  Is *Amazon*

20  alleging the Plaintiff has "failed to state a claim for relief" as in Fed. Rule of Civ. Proc. 8(a) and

21  also alleging "fraud" and/or a "mistake" as in Fed. Rule of Civ. Proc. 9(b)?  Who knows,

22  because *Amazon* failed to clearly specify their intent.  Respectfully, for the aforementioned

23  reasons, *Amazon*'s First Affirmative Defense should be stricken, post-haste.

**2.**     **_Amazon's "Second Affirmative Defense (No Patent Infringement)",_**

25            **_"Third Affirmative Defense (No Indirect, Contributory or Induced_**

26            **_Infringement)", "Fourth Affirmative Defense (Patent Is Invalid)",_**

27            **_and "Fifth Affirmative Defense (Patent Is Unenforceable)" should be_**

28            **_stricken._**

*Amazon*'s "Second Affirmative Defense (No Patent Infringement)", "Third Affirmative Defense (No Indirect, Contributory or Induced Infringement)", "Fourth Affirmative Defense (Patent Is Invalid)", and "Fifth Affirmative Defense (Patent Is Unenforceable)" are, once again, stated in such vague, general, conclusory language –without any supporting evidence– such that these defenses –for the same reasons mentioned hereinbefore, including but not limited to the standards discussed in section (III)(A) of this document– should be stricken, post-haste.

Additionally, if it would please the Court to indulge some relevant hypothetical questions:  1)  If patent *'622* is invalid and unenforceable –as *Amazon* repetitiously alleges– then why has *Amazon* taken no action –past or present– to acquire their own "Video On Demand" patent or trademark which would better serve to protect their own past, present, and future business interests, especially when it's commonly know that *Amazon* aggressively trademarks, patents, and judiciously enforces such strategic legal options in order to better insure and protect the value of said business interests?  2)  If patent *'622* is invalid and unenforceable, then why would *Amazon* need to endure the tremendous expense –and potential risks associated therewith– of re-branding their perfectly descriptive aptly-named "Amazon Video On Demand" service to "Amazon Instant Video"?

### 3. *Amazon*'s "Sixth Affirmative Defense (Substantial Non-Infringing Use)" should be stricken.

*Amazon*'s "Sixth Affirmative Defense (Substantial Non-Infringing Use)" is so vague and unclear that it, like others, is nearly unintelligible.  If the Plaintiff has properly interpreted its vagueness (and should not have to do so)- then, obviously, there are products or actions available via *Amazon* and its affiliates which have substantial uses that do not infringe or contribute to such infringement.  However, such products or actions –and their uses– fail to negate *Amazon*'s legal, ethical, and financial obligations to discontinue their willful continuing infringement of patent *'622* by:  1)  removing such infringement(s) from *Amazon*, their affiliates, third-parties and reimbursing Plaintiff for the time-period of said infringement(s), plus interest; or,  2) reimbursing Plaintiff for the time-period of said infringement(s), plus interest, and constructing a mutually agreeable license for all future royalties in order to continue *Amazon*'s use of *VoD*.

1    Plaintiff *Nomura* has consistently been very clear, and reasonable, on all claims of

2  infringement against *Amazon,* its affiliates and third-parties.  Plaintiff *Nomura* has consistently

3  specified only *Amazon*'s media assets or objects –which contain video of any kind or format,

4  including but not limited to, music and other entertainment videos, personal videos, video

5  advertisements, video games and other types of interactive videos, and all other relevant video-

6  related media assets– that are stored, temporarily or permanently, for download or streaming via

7  *Amazon,* its affiliates and third-parties, are infringing patent *'622*.  This also means that any

8  media assets *Amazon* and its affiliates provide –directly or indirectly– to any "third- or other

9  party(ies)" for download or streaming would also be infringing patent *'622*.

10    If, on the other hand, *Amazon* is attempting to convey in their Sixth Affirmative Defense

11  –again in very general conclusory terms– that **if** they work from the presumption that patent *'622*

12  is invalid and unenforceable, then it is also logical to extend that presumption to a related

13  conclusion in which said "products or actions accused of infringing have substantial uses that do

14  not".  Whatever their intent- such general conclusory presumptive assertions –also known as

15  "wishful thinking"– especially those without any material facts and evidentiary support, are

16  insufficient for proper legal pleadings.  Respectfully, *Amazon*'s Sixth Affirmative Defense is so

17  ambiguous, conclusory, and speculative that it should be stricken, post-haste.

18    **4.    *Amazon*'s "Seventh Affirmative Defense (Prior Use Right)" should be**

19    **stricken.**

20    *Amazon*'s "Seventh Affirmative Defense (Prior Use Right)" again is vague, general, and

21  conclusory as well as completely unsubstantiated.  *Amazon* has proffered no evidence –or even

22  any factual claims– as to when video of any type or format, was available for download or

23  streaming, via any type(s) of internet connection(s) or device(s), from their website or any of

24  their affiliates' and/or third-parties' websites.

25    Plaintiff *Nomura*, on the other hand, here-to-date has proffered such proof.  As officially

26  declared in Plaintiff *Nomura*'s *'622* patent (see Amended Complaint, EXHIBIT 01 [Dkt. No.

27  34]), the Filing date is "Dec. 15, 2000"; the first Publication date is "Jun. 20, 2002".  The patent

28  date is "Aug. 20, 2007".  It is a documented official material fact that <u>each and every one of</u>

1   these patent dates occur **PRIOR TO** *Amazon*'s well-documented and publicized launch of their

2   "Video On Demand" service as well as any other known deployment of related media assets

3   which exist –within *Amazon*, its affiliates, and/or third-parties– for download via the internet.

4        Further more, if *Amazon* actually **did** have the "right of first use" as their claim alleges,

5   then why did *Amazon* NOT seek any protection via patent or even simple trademark of "Video

6   On Demand"?  Respectfully, for the aforementioned reasons, *Amazon*'s Seventh Affirmative

7   Defense should be stricken, post-haste.

8          **5.**     **_Amazon_'s "Eighth Affirmative Defense (Dedication to the Public)"**

9             **should be stricken.**

10       *Amazon*'s "Eighth Affirmative Defense (Dedication to the Public)" is again general,

11   conclusory and baseless.  If interpreted correctly, *Amazon* is essentially alleging within this

12   'defense' a substitution or back-up defense that if, in fact, patent *'622* is valid and enforceable,

13   then *Amazon* alleges it is not infringing that valid enforceable patent because *Amazon* now

14   'claims' they use ways and means that are not explicitly disclosed in or covered by said patent.

15   Clever, yet fatally flawed.

16       If Plaintiff *Nomura*'s patent *'622* is invalid and unenforceable, as has been repeatedly

17   stated, ad nauseam, in nearly ALL of *Amazon*'s allegations, then "Dedication to the Public" is

18   irrelevant and immaterial.  *Amazon* has also completely and utterly:  1)  failed to submit, or even

19   describe, any material facts or supporting evidence that patent *'622* is invalid and unenforceable;

20   and/or,  2)  failed to establish exactly how *Amazon*'s ways and means differ from the disclosures

21   made in and with patent *'622*.  For the reasons mentioned hereinbefore, *Amazon*'s Eighth

22   Affirmative Defense should be stricken, post-haste.

23          **6.**     **_Amazon_'s "Ninth Affirmative Defense (Limitation on Damages)"**

24             **should be stricken.**

25       *Amazon*'s "Ninth Affirmative Defense (Limitation on Damages)" is merely a general

26   recitation of law without any comprehensible context, material meaning, or discernible directive

27   on how, or if, Plaintiff is, or is not, in violation of any parts thereof or if Plaintiff has the

28   limitations of the stated laws.  As such, once again, *Amazon*'s Ninth Affirmative Defense is

1  stated in such general conclusory language that it –for the same reasons mentioned hereinbefore,

2  including but not limited to the standards discussed in section (III)(A) of this document– should

3  be stricken, post-haste.

4         7.     **_Amazon's "Tenth Affirmative Defense (No Injunctive Relief)" should_**

5                  **_be stricken._**

6       *Amazon*'s "Tenth Affirmative Defense (No Injunctive Relief)", is again stated in general

7  conclusory terms that are alleged without any material facts or supporting evidence proffered by

8  *Amazon* sufficient for proper pleadings even if such general and conclusory terms had not been

9  used.  Further more, *Amazon*'s allegation that Mr. *Nomura* –now Plaintiff *Nomura*– "has not

10  suffered any alleged irreparable injury" is spectacularly specious and factually false.

11       Try negotiating any feasible license or viable royalty agreements with intelligent savvy

12  companies who already know your patent has been, and is still being, willfully infringed by

13  major international corporations like *Amazon*.  How long do you honestly believe it will take

14  before said savvy companies begin laughing, if they even take a meeting or your call(s) at all?

15       In point of fact, long before any litigation- Mr. *Nomura* went to Google's Mountain View

16  campus in order to personally notify Youtube and Google of his *'622* patent as well as their past

17  and present infringement thereof.  Google's genius response was to have their security staff

18  swiftly surround and rapidly remove Mr. *Nomura* promptly from their premises.  This extremely

19  embarrassing, phenomenally frightful, egregious experience was so distraughtly devastating that

20  it became the genesis and impetus for Mr. *Nomura* to become Plaintiff *Nomura*.

21       *Amazon*'s Tenth Affirmative Defense is stated in such general conclusory terms and is so

22  sadly specious that it should, therefore, be stricken, post-haste.

23         8.       **_Amazon's "Eleventh Affirmative Defense (Failure to Properly Plead_**

24                  **_Willful Infringement)" should be stricken._**

25       *Amazon*'s "Eleventh Affirmative Defense (Failure to Properly Plead Willful

26  Infringement)" states, "Plaintiffs Amended Complaint fails to sufficiently allege that Amazon

27  has willfully infringed patent *'622*. Specifically, Plaintiff fails to allege facts sufficient to

28  demonstrate that Amazon's past, current, or future activities constitute infringement that is

1  willful. As a result, Plaintiff has failed to show this is an exceptional case and that Plaintiff is

2  entitled to its fees under 35 U.S.C. § 285".

3      As with the previous defenses, this defense too is stated in general conclusory terms as

4  well as being a rather confusing, inaccurate, misleading mishmash of gobbledygook.  These

5  reasons alone should provide sufficient grounds for striking *Amazon*'s Eleventh Affirmative

6  Defense- post-haste.

7      However, if Plaintiff *Nomura* can adequately untangle, discombobulate, and interpret

8  *Amazon*'s possible intent- first, **35 USC § 285. Attorney fees** simply states, in one simple

9  sentence, **"The court in exceptional cases may award reasonable attorney fees to the**

10  **prevailing party."**  Nothing at all is stated about any need to show or prove "willful intent or

11  "willful infringement".  However, case law does suggest a need for proving "willful intent" in

12  order to collect up to 3-times the actual damages –"treble damages"– assessed in such patent

13  infringement cases.  Case law also shows that a judge can assess such damages and/or attorney

14  fees if the case or conduct justifiably warrants such, without necessarily any need by the Plaintiff

15  to plead or prove "willful intent" or "willful infringement"  See *Anderson v. Liberty Lobby, Inc.*,

16  477 U.S. 255 (1986).

17      The U.S. Federal Circuit recently affirmed an award of attorneys' fees and sanctions

18  against plaintiff Eon-Net (See *Eon-Net LP v. Flagstar Bancorp*, No. 2:05-CV-2129, Judgment

19  (ECF No. 200) (W.D. Wash. Jun. 21, 2010) ("Final Judgment")) in excess of $630,000.  In an

20  opinion written by Judge Lourie and joined by Judges Mayer and O'Malley, the Federal Circuit

21  affirmed the District Court's finding that the case was exceptional under 35 U.S.C. § 285 in light

22  of various instances of litigation misconduct and other bad faith behavior.  (*Eon-Net LP, v.*

23  *Flagstar Bancorp*, Case No. 09-1308 (2009)).

24            **(i).**    **"Willful Intent" or "Willful Infringement".**

25      Since *Amazon* has raised and introduced the subject of pleading or proving "willful

26  intent" or "willful infringement", let it be known that pursuing such was not a primary focus of

27  Plaintiff *Nomura* since greed is a most dishonorable virtue and punitive measures were not

28  initially considered since Plaintiff *Nomura*'s intent has been "Good Faith" negotiations and

1  partnership with, not punishment of, *Amazon*. However, given the manner in which Plaintiff

2  *Nomura* and his patent have been treated or, rather, mistreated and completely disrespected-

3  Plaintiff *Nomura* believes this may no longer be possible and, therefore, is no longer the case.

4      As fate would have it, upon further investigations and research subsequent to *Amazon*'s

5  Answer and Counterclaims filed on Sept. 12, 2011, it has been discovered that there is clear

6  "willful intent" and "willful infringement" by *Amazon* to deliberately infringe patent *'622*.

7      As can be seen in *Amazon*'s current "Amazon.com Help: Amazon Instant Video Terms of

8  Use (Updated 2/22/2011)" (herein *"TOU"*) section of *Amazon*'s website

9  (http://www.amazon.com/gp/help/customer/display.html?ref=hp_left_cn?

10  ie=UTF8&nodeId=200026970) –a snapshot of their *TOU* page is included herein as **Exhibit 01**–

11  *Amazon* clearly identifies –in paragraph "1. THE SERVICE" of their *TOU*– evidence which

12  clearly shows Defendant's newly re-branded service "Amazon Instant Video service (formerly

13  known as Amazon Video On Demand) (the "Service")" was, in fact, formerly named "Video On

14  Demand". As it so happens, "Video On Demand" is the identical, intentionally and carefully

15  chosen, descriptive title of Plaintiff *Nomura*'s *'622* patent.

16      Curiously, *Amazon*'s *TOU* (as of Sept. 21, 2011 when captured) shows as being "Last

17  Updated: February 22, 2011". That date was just days prior to Plaintiff *Nomura*'s patent

18  infringement Complaint being filed on March 11, 2011. Upon more recent viewings, *Amazon*'s

19  *TOU* now shows "Last Updated: September 28, 2011". However, their *TOU* still includes the

20  "formerly known as Amazon Video On Demand" reference.

21      Further research shows *Amazon*, in fact, launched their original "Video On Demand"

22  service on or about September 04, 2008. This date is based on various media, news, and blogs

23  available from that time period. One such article is "First look: new Amazon Video on Demand

24  delivers, with caveat" (http://arstechnica.com/old/content/2008/09/first-look-new-amazon-video-

25  on-demand-delivers-with-caveat.ars) and is included for reference and in support of Plaintiff

26  *Nomura*'s infringement claims, and current motion, herein as **Exhibit 02**.

27      *Amazon* re-launched their "Video On Demand" service as a re-branded "Amazon Instant

28  Video" service on or near Feb. 22, 2011. This fact is again confirmed by various media, blog,

1   and news websites- one of which is *Amazon*'s own, or affiliate, blog named "End User: Prime

2   Time for Amazon Instant Video" (http://www.enduserblog.com/2011/02/prime-time-for-

3   amazon-instant-video.html), a snapshot of which is included herein as **Exhibit 03**.

4          Also please notice in **Exhibit 03** – in the "Comments" section at the end of the blog

5   article– the very first comment is from a very displeased *Amazon* customer and reads:

6          **Atlanta Roofing on February 22, 2011 at 10:35 PM**

7          **Amazon instant video has a catalog of 35,000 movies, if you use the**

8          **"Prime" filter, it reduces the count down to 1,668 Movies and 484 TV**

9          **Shows. How does Amazon get away with claiming that they 5,000**

10         **movies and TV shows for Prime instant streaming? Checked out the**

11         **Prime eligible movies, save your money.**

12         Clearly, *Amazon* has great difficulty being honest and truthful in their marketing and

13   advertising claims- as well as with these proceedings.  Obviously, if *Amazon* is willing to

14   **intentionally and willfully** "misrepresent the facts or truth" –a pleasant euphemism for "lie"– to

15   their own loyal customers (as demonstrated in **Exhibit 03**), in order to make Billions of dollars,

16   then what faith should we have that *Amazon* will not do, and has not already done, the same to

17   Plaintiff *Nomura* –and to this Court, for that matter– in order to protect those same Billions

18   and/or their opportunity(ies) to make more Billions?

19         As it so happens- *Amazon* and/or *Amazon*'s Counsel have, in fact, **willfully and**

20   **deliberately** submitted one or more false statements to this Court- well beyond their specious

21   claims that they "have not infringed", "do not infringe", "are not liable", and that patent *'622* is

22   "invalid and unenforceable".

23         On Sept. 20, 2011, *Amazon* submitted a separate Case Management Statement.  In said

24   statement, *Amazon* writes, "On September 9, 2011, Mr. Nomura emailed counsel for Amazon

25   requesting a meeting to discuss the case. Counsel for Amazon responded to Mr. Nomura on

26   September 10, 2011 and again on September 16, 2011 but have not received a response from Mr.

27   Nomura as of the date of filing of this Case Management Statement. As a result, and because Mr.

28   Nomura is not represented by counsel, pursuant to Local Rule 16-9(a), Amazon submits this

1    separate case management statement."

2        **As a matter of material fact, the aforementioned statements are simply NOT true.**

3        On Monday, Sept. 19, 2011 at or around 5:32pm, Plaintiff *Nomura* emailed *Amazon's*

4    senior Counsel, Bryan Sinclair, and at or around 10:20pm of that same day, Mr. Sinclair

5    responded to Plaintiff.  These emails are included herein as **Exhibit 07**.  As the Court may recall,

6    this is not the only time Plaintiff *Nomura* has brought such conduct to the Court's attention.

7        Returning back to the matter of *Amazon's TOU* and affirmative defenses- if it pleases the

8    Court, take notice that the remaining language contained therein Defendant's *TOU* (herein shown

9    in **Exhibit 01**) clearly identifies *Amazon* is –based on their own description– with absolute

10   certainty, in fact, using technology(ies), method(s), and process(es) as well as design, user

11   interface, storage, distribution, and business model(s) – all of which are identical, or bare

12   remarkable similarity, to description(s), claim(s) and disclosure(s) as set forth in Plaintiff

13   *Nomura's '622* patent.

14       Likewise, as with most large, multinational, businesses- *Amazon* frequently takes a very

15   strong aggressive position –offensively and defensively– to make every effort possible to protect

16   its business, 'brand', technologies, methods, processes, and models via *Amazon's* robust

17   collection of trademarks and patents.  This fact is exemplified in several sections of *Amazon's*

18   website, snapshots of which are included herein as **Exhibit 04-06**.

19       **Exhibit 04** is the "Amazon.com Help: Conditions of Use"

20   (http://www.amazon.com/gp/help/customer/display.html/ref=footer_cou?

21   ie=UTF8&nodeId=508088) section of *Amazon's* website.  Within this page, there are links to

22   "Amazon.com Help, Non-Exhaustive List of Amazon Trademarks"

23   (http://www.amazon.com/gp/help/customer/display.html/?nodeId=200738910) and to

24   "Amazon.com Help- Non-Exhaustive List of Amazon-affiliate Patents"

25   (http://www.amazon.com/gp/help/customer/display.html/?nodeId=200204190) both lists, are

26   herein included as **Exhibit 05** and **Exhibit 06**, respectively.

27       **Exhibit 05** shows a list of trademarks, and, **Exhibit 06** shows a list of patents both of

28   which are frequently utilized by *Amazon* to protect its current and future business interests.

1    Unfortunately, "Video On Demand" –or anything remotely similar to Plaintiff *Nomura*'s *'622*

2    patent– is NOT contained amongst *Amazon*'s sizable, yet "non-exhaustive" trademark and patent

3    collections listed therein.

4             **9.    Conclusion: *Amazon*'s Affirmative Defenses should be stricken.**

5          *Amazon*'s affirmative defenses do little more than refer to a legal doctrine without any

6    explanation of how such types of factual allegations –if *Amazon* submitted any– might actually

7    render that doctrine applicable.  As such, they are insufficient.  See *Quabon.com*, 315 F. Supp. at

8    1049 (in an affirmative defense, "reference to a doctrine, like a reference to statutory provisions,

9    is insufficient notice").  Even a most liberal reading of *Amazon*'s Answer reveals little more than

10    speculative unsupported unsubstantiated claims, some of which are so deficient as to make them

11    sufficiently unclear if they have anything to do with the affirmative defenses being asserted.

12          In any event, *Amazon* should not be able to use these general conclusory affirmative

13    defenses as a way to substitute and delegate –onto this Court– *Amazon*'s own responsibilities and

14    obligations to prove its inadequately-pled defenses in this case.  Because those defenses have

15    little-to-no factual content, it is impossible to tell what facts support these affirmative defenses

16    and whether, for example, they are another way to simply allege that Plaintiff's *'622* patent is

17    "invalid and unenforceable" and/or that "Amazon does not infringe, has not infringed, and is not

18    liable for the infringement."  Thus, for the same reasons that *Amazon*'s counterclaims should be

19    dismissed, *Amazon*'s affirmative defenses should be stricken- post-haste.

20             **(i).    Patent Infringement Damages.**

21          *Amazon*'s woefully inaccurate and wastefully inadequate affirmative defensive 'claims'

22    regarding: (a) "Willful Infringement", (b) "No Injunctive Relief", and finally (c) "Limitation

23    on Damages" all have a significant potential –especially collectively– for unjustly eliminating or

24    severely reducing several of Plaintiff *Nomura*'s important legal rights.  Claims (a) and (b) have

25    already been discussed rather extensively, hereinbefore.  However, in claim (c) for example,

26    *Amazon* alleges that damages are "limited by 35 U.S.C. § § 154 and 286-288".

27          Yet, as Plaintiff *Nomura* has discovered, lost profits or reasonable royalties are damages

28    available for patent infringement.  Interest on the damages can often be as much as the damages.

1   Lost profits assumes that the patent owner is selling the patented item, that he could have met the

2   demand in the lost market, and that the patent owner can determine with reasonable probability

3   how much profit would probably have been made if there was no infringement.  Reasonable

4   royalties are available when that amount would be more than lost profits or if lost profits cannot

5   be proved.  Enhanced or punitive damages of three times the award are available for willful

6   infringement.

7          Damages for patent infringement are governed by 35 U.S.C. § 284 which provides,

8   "Upon finding for the claimant the court shall award the claimant damages adequate to

9   compensate for the infringement, but in no event less than a reasonable royalty for the use made

10  of the invention by the infringer, together with interest and costs as fixed by the court."

11         The United States Supreme Court interpreted the law as follows, "[T]he present statutory

12  rule is that only 'damages' may be recovered. These have been defined by this Court as

13  'compensation for the pecuniary loss he [the patentee] has suffered from the infringement ....'

14  They have been said to constitute "the difference between his pecuniary condition after the

15  infringement, and what his condition would have been if the infringement had not occurred."

16  *Aro Mfg. Co. v. Convertible Top Co.*, 377 U.S. 476, 507 [141 USPQ 681] (1964) (citations

17  omitted).

18         The *Aro* decision further made clear that infringement damages are not determined by the

19  infringer's profits, but by the loss to the patent owner.  "But the present statutory rule is that only

20  'damages' may be recovered. These have been defined by this Court as 'compensation for the

21  pecuniary loss he [the patentee] has suffered from the infringement, without regard to the

22  question whether the defendant has gained or lost by his unlawful acts." *Aro* at 506 (citations

23  omitted).  However, the district court's use of an infringer's profit margin for comparison

24  purposes in determining the reasonableness of a patent owner's estimate of lost profits did not

25  constitute an abuse of discretion. *Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc.*, 761

26  F.2d 649 (Fed.Cir.1985).

27         In the relatively famous instant-camera infringement case of *Polaroid Corp. v. Eastman*

28  *Kodak Co.*, 1481, 1484 [16 USPQ 2d] (1990) the United States District Court for the District of

1    Massachusetts explained that there are two ways to calculate damages.  The first and preferred

2    method is lost profits.  The second is reasonable royalty.  "The general rule for determining the

3    actual damages to a patentee that is itself producing the patented item, is to determine the sales

4    and profits lost to the patentee because of the infringement.  Although the statute states that the

5    damage award shall not be 'less than a reasonable royalty,' 35 U.S.C. § 284, the purpose of this

6    alternative is not to provide a simple accounting method, but to set a floor below which the

7    courts are not authorized to go."

8         When clear and convincing evidence is presented that an infringer acted willfully to

9    infringe a patent, the law permits "increased damages up to three times the damage amount

10   found or assessed."  The Court of Appeals for the Federal Circuit has altered the landscape of the

11   law on infringement damages and is generally considered to have made damages more rational

12   and related to the total losses sustained by the patent owner.

13        A first example is *Uniloc USA, Inc. v. Microsoft Corp.*, decided Jan. 04, 2011 (2010-

14   1035, -1055), wherein the Federal Circuit held that there is no rule of thumb that 25% of the

15   expected profit rate would be an assumed baseline license rate when calculating patent

16   infringement damages. Citing others, the Federal Circuit observed: "([The 25 percent rule] takes

17   no account of the importance of the patent to the profits of the product sold, the potential

18   availability of close substitutes or equally non-infringing alternatives, or any of the other

19   idiosyncrasies of the patent at issue that would have affected a real-world negotiation... it fails to

20   'distinguish between monopoly and normal profit..."  The Court held: "This court now holds as a

21   matter of Federal Circuit law that the 25 percent rule of thumb is a fundamentally flawed tool for

22   determining a baseline royalty rate in a hypothetical negotiation. Evidence relying on the 25

23   percent rule of thumb is thus inadmissible under Daubert and the Federal Rules of Evidence,

24   because it fails to tie a reasonable royalty base to the facts of the case at issue."

25        A second example is *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir.

26   2009), wherein the Federal Circuit reiterated that "The second Georgia-Pacific factor is '[t]he

27   rates paid by the licensee for the use of other patents comparable to the patent in suit.' 318 F.

28   Supp. at 1120."  The Court stated that the claimant must "prove that the licenses relied on were

1   sufficiently comparable" to what would prevail in the hypothetical royalty negotiation in order to

2   be usable for purposes of damages calculation in an infringement damages calculation.

3          And a third example is *In re Seagate*, 497 F. 3d 1360 (Fed. Cir. 2007), where the Federal

4   Circuit held that in order to support an award of special damages (treble damages), one must

5   prove "willful infringement... [with] at least a showing of objective recklessness."

6          In *Polaroid Corp. v. Eastman Kodak Co.*, 16 U.S.P.Q.2d 1481 (D. Mass. 1990), Polaroid

7   argued for a 72.5% reasonable royalty for cameras and a 63.4% reasonable royalty for film,

8   essentially equating its reasonable royalty claims to its claims for lost profits.  Kodak countered

9   with a detailed Georgia-Pacific analysis and contended a reasonable royalty would be 5%.  Far

10  from splitting the difference, the District Court found Kodak's analysis persuasive and awarded

11  Polaroid only 10%, which was far closer to Kodak's number than to Polaroid's.  The hundreds of

12  millions of dollars that Polaroid undoubtedly left on the table by overreaching for 60 to 70%

13  rather than contending for a 25 or 30% reasonable royalty is a stern lesson that reasonable rather

14  than extreme positions are the key to the success of not only the infringer, but also the patent

15  owner.  The Court awarded Polaroid nearly one-billion (approximately $873 million) U.S.

16  dollars.

17         Further more, the Federal Circuit in *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1544-49

18  (Fed Cir. 1995) (*en banc*), dispelled the notion that patent owners must practice their own

19  patents to be entitled to lost profits.  Patent owners that compete with infringers and lose sales

20  because of the infringement can meet the "but for" test even if their own product is not covered

21  by the patent in suit or any patent for that matter.

22         Therefore, it is Plaintiff *Nomura*'s understanding that *Amazon*'s infringement has directly

23  prevented –and is <u>still</u> preventing– standard licensing and/or royalty agreements with other

24  business(es) that utilize or wish to utilize any portion(s) of the "Video On Demand" patent *'622*

25  descriptions, claims and/or disclosures within their past, present, or future business operations.

26  This catastrophic loss has been tremendously devastating –financially and otherwise– to Plaintiff

27  *Nomura*.

28

As Plaintiff *Nomura* understands the law, *Amazon* is liable for **ALL** of Plaintiff *Nomura*'s cumulative losses to-date, as total damages incurred therefrom <u>all</u> such patent infringements. *Amazon*'s liability clearly exists –in a causal relationship due to *Amazon*'s, its affiliates' and its third-parites' direct, induced, and/or contributory infringements– since Plaintiff *Nomura* has been unable to obtain any patent licenses and/or royalty agreements with the hundreds –if not hundreds of thousands– of businesses who utilize or have utilized –in part or in whole or in close similarity to– descriptions, claims and/or disclosures found in patent *'622*.

### C.    Summary Judgment, Rule 56 Standards.

As the Honorable Magistrate Judge Edward A. Infante (Ret.) states regarding Fed. Rule of Civ. Proc. 56 within his *Coinstar, Inc. v Coinbank Automated Systems*, C97-20536-EAI (N.D. Cal. Jan. 26, 1998) patent infringement "Motion for Summary Judgment" decision:

> **Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). However, the moving party has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the court that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. at 2554.**
>
> **The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324, 106 S.Ct. at 2553 (quoting Rule 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric**

1     **Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106**

2     **S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a**

3     **scintilla of evidence ... will be insufficient; there must be evidence on**

4     **which the jury could reasonably find for the [non-moving party]."**

5     **Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505,**

6     **2512, 91 L.Ed.2d 202 (1986). Evidence that "is merely colorable, or is**

7     **not significantly probative," is not sufficient to avoid summary**

8     **judgment. Id. at 249-250, 106 S.Ct. at 2511.**

9     Summary judgment can be granted if there is no genuine issue of material fact for trial

10 and the moving party is entitled to judgment as a matter of law. See Fed. Rule of Civ. Proc.

11 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 242, 251-252 (1986). A "material" fact is

12 one which might affect the outcome of the case under the applicable law. *Anderson v. Liberty*

13 *Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510 (1986) (holding that a court must determine

14 whether evidence presents a sufficient disagreement to require submission to a jury or whether it

15 is so one-sided that one party must prevail as a matter of law). A dispute about a material fact is

16 genuine if a reasonable jury could return a verdict for the non-moving party. *Id.* In deciding a

17 motion for summary judgment, the evidence is viewed in the light most favorable to the non-

18 moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255, 106 S.Ct. at

19 2513. Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of

20 legitimate inferences from the facts are jury functions, not those of a judge [when] he is ruling

21 on a motion for summary judgment." *Id.*

22     Determining infringement (or non-infringement) involves a two-step process. *Markman*

23 *v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370

24 (1996). The first step requires the Court to construe the claims to ascertain their meaning and

25 scope. *Id.* The second step requires a comparison of the construed claims to the Accused

26 Products to determine whether the elements in the asserted claims are found in that product. *Id.*

27     While infringement, either literal or under the doctrine of equivalents, is a question of

28 fact, summary judgment may nevertheless be granted "when no reasonable jury could find that

1   every limitation recited in the properly construed claim either is or is not found in the accused

2   device." *Bai v. L & L Wings*, 160 F.3d 1350, 1353 (Fed. Cir. 1998). That is true even were there

3   are incidental claim construction issues not yet resolved.  Claim construction is a question of law

4   for the Court to decide, and as the Court has recognized, resolution of such issues in connection

5   with a motion on infringement often provides necessary context to fully frame such issues.

6   *Rheox, Inc. v. Entact, Inc.*, 276 F.3d 1319, 1324 (Fed. Cir. 2002).

7         For the record- Plaintiff *Nomura* has submitted sufficient statements of fact and

8   sufficiently supportive examples of evidence which clearly demonstrate *Amazon* –despite their

9   'claims' to the contrary– is, as a material fact, infringing on Plaintiff *Nomura*'s 622 patent.

10        To that end, despite having more than six (6) months to prepare, *Amazon* has proffered

11  not one single sensible scintilla or even a tiny tantalizing tidbit of <u>factual</u> evidence –of any kind–

12  to support and solidify the Defendant's purported claims and defenses- especially their specious

13  boiler-plate formulaic claims and defenses that patent *'622* is invalid and unenforceable and that

14  *Amazon* is not infringing and does not infringe.  Absent any such evidence, the Court must be

15  duly swayed by the preponderance of factual statements, factual claims, and factual evidence

16  submitted hereto by –and in support of– Plaintiff *Nomura*.  Accordingly, Plaintiff *Nomura*'s

17  Motion for Summary Judgment of patent infringement should be so ordered- post-haste.

18                                **CONCLUSION**

19        Plaintiff *Nomura*'s patent infringement case is actually quite simple.  *Amazon*, however,

20  is doing its best to confuse and complicate this matter, as well as erroneously repudiate Plaintiff's

21  claims, in their best efforts to obfuscate the material facts and obscure the actual truth – all of

22  which provides *Amazon* the opportunity to avoid clear and certain ethical, legal, and financial

23  responsibilities –as well as the related consequences– as a result of their choices and actions, or

24  lack thereof.

25        Simply put, *Amazon* is now in a corporate "*C.Y.A. - Cover Your Assets*" crisis

26  management, or deferment, mode.

27        Sunlight is indeed an excellent disinfectant and, as similarly searing lights have shown,

28  the facts of this case clearly expose the ethics, values, and virtues *Amazon* covets closest.

1    Based on the frequency with which Plaintiff *Nomura* has experienced such misconduct
2    and "bad faith", clearly this behavior has become rampant "common practice" for attorneys, and
3    their law firms, as well as executives, and their corporations, to conduct themselves and their
4    businesses in an unforgivable manner of such low standards.  It should be a federal offense –if
5    not a federal criminal act– to lie to a federal judge- complete with mandatory prison time for
6    such offenses.

7    This Court has leave –if not a legal, moral, and ethical duty and obligation– to
8    immediately wield its powerful authority in ways and means to establish new standards by which
9    **ALL** must conduct themselves henceforth.  Plaintiff *Nomura* respectfully requests this Court
10   issue appropriate sanctions commensurate with the egregious conduct experienced herein and
11   thereby unnecessarily inflicted upon Plaintiff *Nomura*.

12   In its Counterclaims, *Amazon* asks the Court –twice– for a "Declaratory Judgment" that
13   patent *'622* is invalid and unenforceable.  Plaintiff *Nomura* strongly submits that it is *Amazon*'s
14   sole responsibility, duty, and "burden of proof" –**NOT** the Court's– to affirmatively factually
15   establish, without a doubt, such invalidity and unenforceability as well as their other claims, and
16   to also provide evidence to support such claims and defenses.

17   *Amazon* has failed to provide ANY material facts or evidence that support their specious
18   claims and/or their affirmative defenses, let alone any level of facts or evidence sufficient to
19   influence a jury, or this Court, to believe such.  *Amazon* has had six (6) months to prepare a
20   defense, including the collection of any relevant evidence necessary to prove their claims that
21   patent *'622* is invalid and unenforceable, or, that *Amazon* is not infringing upon said patent.  Yet,
22   *Amazon* has willfully chosen not to do so- not even so much as submitting an opinion letter from
23   patent counsel in support of *Amazon*'s claims.  Additionally, *Amazon* has failed to initiate any
24   actions with the United States Patent and Trademark Office ("*USPTO*") –the appropriate
25   governing body to process such claims of invalidity– to procure an administrative action for Re-
26   examination in support of *Amazon*'s claims for patent invalidity.

27   *Amazon* has also had more than sufficient opportunities –throughout recent years, or even
28   during the months since being served with Plaintiff *Nomura*'s complaint– to initiate procedures

1    that could support or finally determine such claims of invalidity and unenforceability.  Yet, to

2    the best information and knowledge available to-date, *Amazon* has chosen not to initiate <u>any</u> of

3    those very viable procedures either.

4          Plaintiff *Nomura* respectfully submits and hereby asserts that *Amazon* has repeatedly and

5    consistently proffered no proof because they clearly have none.  Sadly, and similarly, *Amazon*

6    also possesses no patent for the "Video-On-Demand" business they are now so firmly

7    entrenched within and exceedingly well rewarded –financially and otherwise– therefrom.

8          Therefore, based on the body of evidence before this Court, and based on Summary

9    Judgment Standards, as well as the other related and relevant information included here to-date

10   and hereinbefore, Plaintiff *Nomura* respectfully submits that this Court certainly has the right –if

11   not a legal obligation– to find in favor of Plaintiff *Nomura* and to immediately:

12        **1)  Dismiss Defendant's Counterclaims;**

13        **2)  Strike all of Defendant's Affirmative Defenses;**

14        **3)  Grant Plaintiff's Summary Judgment, in its entirety, post-haste.**

15         Finally –for the record– it must be formally and officially stated that the level of

16   deception, dishonesty, and legal trickery experienced with/from *Amazon* and/or *Amazon*'s

17   Counsel has been beyond disgusting and reprehensible.

18        *Winning-at-any-cost* is for life-long losers.  In litigation –like war– few people **ever**

19   actually 'win' anything, and even when they do, those wins **<u>always</u>** come at great cost.  *Mr.*

20   *Nomura* prefers a win/win philosophy.

21             ***Respect.  Honor.  Honesty.  Integrity.  Decency.  Dignity.  Class.  Grace.***

22        These are all virtues that cannot be bought or sold like most other corporate capitalistic

23   commodities.  Such virtues can only exist, hopefully and truly, within the character – the very

24   essence, soul, and fiber of our being – for each and every one of us throughout the human race.

25        It has been extremely disturbing, displeasing, and disappointing that Plaintiff *Nomura* has

26   been forced to endlessly endure and senselessly suffer through these repetitious unsettling

27   experiences of such egregious *win-at-any-cost* unprofessional conduct and unbecoming character

28   from *Amazon* and/or *Amazon*'s Counsel employed by the law firm of K&L Gates.

Rather than openness and cooperation toward expeditious negotiations and amicable resolve, Defendant *Amazon* and/or Defendant's Counsel have, instead, defiantly and willfully <u>chosen</u> to be obstinate and contentious as well as sinisterly suspicious, surreptitious and surly.

*Amazon* has disrespected Plaintiff *Nomura* as well as his Patent 7, 254,622 (with the years of laborious efforts required for constructing and final granting of Patent), disrespected the USPTO, disrespected this Court, and disrespected the patent and legal processes as a whole.

*Mr. Nomura* would have preferred a route of fair and equitable win/win negotiations. Now, Plaintiff *Nomura* has every best belief and firmest faith that this Court can and will deliver the appropriate level of honest, fair and righteous justice –in an expediently lawful manner– to FULLY remedy **all** factual matters that have been heretofore presented before this Court.

**[PROPOSED] ORDER**

The Amended Motion to Dismiss Counterclaims and Strike Affirmative Defenses and for Summary Judgment is hereby adopted by the Court for the case.

It is HEREBY ORDERED THAT:

(1)  Plaintiff's Amended Motion to Dismiss Counterclaims is hereby **GRANTED**.

(2)  Plaintiff's Amended Motion to Strike Affirmative Defenses is hereby **GRANTED**.

(3)  Plaintiff's Amended Motion for Summary Judgment is hereby **GRANTED**.

The parties are ordered to immediately comply with this Order.

**IT IS SO ORDERED.**

Dated: _____

By: _____

Magistrate Judge Howard R. Lloyd

Respectfully submitted,

Dated this 11th day of October, 2011

By: _____

Tetsuya Joe Nomura,
Pro Se Plaintiff