Bryan J. Sinclair (SBN 205885)
bryan.sinclair@klgates.com
K&L GATES LLP
630 Hansen Way
Palo Alto, California  94304
Telephone:  (650) 798-6700
Facsimile:   (650) 798-6701

Sara N. Kerrane (SBN 259239)
sara.kerrane@klgates.com
K&L GATES LLP
1900 Main Street, Suite 600
Irvine, California 92614-7319
Telephone: (949) 253-0900
Facsimile:  (949) 253-0902

Attorneys for Defendant
AMAZON.COM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TETSUYA JOE NOMURA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>AMAZON.COM, INC.,<br><br>　　　　　　Defendant. | Case No. CV 11-01210 HRL<br><br>**DEFENDANT AMAZON.COM, INC.'S OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES AND FOR SUMMARY JUDGMENT**<br><br>Date:　　　　November 15, 2011<br>Time:　　　　10:00 a.m.<br>Courtroom: 2, 5th Floor<br>Judge:　　　Hon. Howard R. Lloyd |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Amazon.com, Inc. ("Amazon") respectfully submits this Memorandum of Points and Authorities in support of its Opposition to Plaintiff Tetsuya Joe Nomura's ("Plaintiff") Amended Motion to Dismiss Counterclaims and Strike Affirmative Defenses and for Summary Judgment filed on October 12, 2011.

**I.      INTRODUCTION**

Plaintiff's combined motion to dismiss, motion to strike, and motion for summary judgment is based on Plaintiff's erroneous interpretation of procedural law and patent law and thus should be entirely denied. As set forth in more detail below, Amazon has pled more than sufficient facts, particularly in light of the woefully deficient allegations in Plaintiff's Amended Complaint for Patent Infringement ("FAC") (Dkt. No. 34), to satisfy the minimum pleading requirements and move forward with discovery. Further, in light of the fact that virtually every material fact in this case is disputed, a summary judgment of infringement at this time would be wholly inappropriate.

**II.     FACTUAL BACKGROUND**

On March 11, 2011, Plaintiff filed a complaint against Amazon alleging infringement of U.S. Patent No. 7,254,622 ("the '622 patent"). (Dkt. No. 1.) Amazon filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted on May 16, 2011 (Dkt. No. 10) which the Court granted with leave to amend (Dkt. No. 28). Plaintiff filed its FAC on August 26, 2011, alleging that Amazon is infringing U.S. Patent No. 7,254,622 (the '622 patent) (Dkt. No. 34). While the FAC had noticeable shortcomings on its face, including a failure to identify what aspects of Amazon's instant video products and services allegedly infringe and which claim(s) are allegedly infringed, Amazon refrained from filing another motion to dismiss and instead filed an answer to the FAC in hopes of getting to the substantive issues more quickly. (Dkt. No. 35.)

On October 12, 2011, Plaintiff filed an amended motion to dismiss Amazon's counterclaims for declaratory judgment of non-infringement and/or invalidity, to strike all of Amazon's affirmative defenses, and for summary judgment ("Plaintiff's Motion"). (Dkt. No. 41.) Plaintiff contends that Amazon has failed to plead its counterclaims or affirmative defenses with sufficient particularity and thus the counterclaims and affirmative defenses should be dismissed and stricken, respectively.

Plaintiff also remarkably asks the Court for a summary judgment resolving the case in his favor based on bald allegation of Amazon's infringement of one or more claims of the '622 patent, despite failing to indentify a single component of Amazon's instant video products and services that infringes and any specific claim which plaintiff believes to be infringed. For the reasons stated below, Amazon disagrees with Plaintiff's assertions and this Court has neither the legal or factual basis to grant the requested relief and should deny Plaintiff's motion in its entirety.

### III. AMAZON'S COUNTERCLAIMS ARE SUFFICIENT TO SATISFY THE PLEADING REQUIREMENTS

A complaint or counterclaim may be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). A claim should not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff or counterclaimant can prove no set of facts in support of its claim that would entitle it to relief sought. *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). Dismissal can be based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). A claim or counterclaim should not be dismissed pursuant to Rule 12(b)(6), however, unless it appears beyond doubt that the claimant can "prove no set of facts in support of his claim that would entitle him to relief." *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995).

Here, Plaintiff contends that Amazon's counterclaims fail to "sufficiently prove" that the '622 patent is invalid or unenforceable, or that "an actual case or controversy exists between Amazon and Plaintiff as to whether Amazon infringes the '622 patent." Plaintiff's Motion at 4-5. Plaintiff has offered additional facts, including seven exhibits in support of its motion. Plaintiff, however, seems to have misunderstood the Federal Rules of Civil Procedure as well as the relevant pleading standards and related case law.[1]

First, under the Federal Rules of Civil Procedure, a motion to dismiss under Rule 12(b)(6) cannot introduce any new evidence outside the pleadings. Fed. R. Civ. P. 12(d). If new matter is

---

[1] The form and substance of Plaintiff's motion is curiously different from previous filings in this case and may raise the issue of the continued applicability of the *pro se* treatment of Plaintiff's case going forward.

1 submitted and the court does not exclude it, then the motion must be treated as a summary judgment
2 motion under Rule 56. Id. Here, Plaintiff has submitted new facts in both his argument and related
3 exhibits that he would like the Court to consider. As such, Amazon respectfully requests that the
4 court view Plaintiff's entire motion as one for summary judgment if the Court considers any of the
5 newly introduced evidence.

6     Second, the *Twombly* pleading standard requires a claimant to plead a claim to relief that is
7 "plausible on its face" – not to sufficiently prove facts or allegations as may be required at trial. *See*
8 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Amazon's requests for declaratory judgment
9 of non-infringement and invalidity are plausible on their face and sufficiently plead to meet this
10 minimum pleading standard.

11     As mentioned above, the FAC merely asserts that Amazon's "video-on-demand" technology
12 infringes the '622 patent. It provides absolutely no detail regarding what claim(s) Plaintiff believes
13 are infringed and what aspect of Amazon's instant video technology is allegedly infringing. Audio
14 and video-on-demand technology is widely used in the television and computer industries to more
15 accessibly bring audio and/or video content to users. The content can stream through a computer or
16 other device, or can be downloaded or stored for access at any time. The technology is used by
17 hundreds of companies to provide users instant access to a variety of material including movies,
18 television programs, videos, music, advertisement, news, and educational materials. Amazon is one
19 of hundreds of companies that employ this type technology to provide their customers with instant
20 access to audio and/or video content. Plaintiff has provided no detail or insight whatsoever as to how
21 he believes Amazon's instant video technology infringes the '622 patent. As plead, it almost appears
22 as if Plaintiff is asserting that anyone who uses any video-on-demand technology is infringing his
23 patent. Such an assertion, however, would be absurd given the number of ways video-on-demand
24 technology can be used and the narrow scope of even the broadest claim of the '622 patent.

25     Claim 1 of the '622 patent is illustrative of the problem that Plaintiff faces in somehow
26 claiming that summary judgment is appropriate in this case. Claim 1 reads as follows:

27     A multitiered video-on-demand system configured for high speed downloading
of video data files with fault tolerance and resistance to data corruption,
28 comprising:

   a first system tier including: a first generation video data storage unit for storing original video data files;

   wherein the first system tier is configured to not be remotely accessible by customers of the video-on-demand system;

   a second system tier including:

   a second generation video data storage unit for storing second generation video data files sorted by category and classified in indexed master files;

   a high speed data link between the first generation video data storage unit and the second generation video data storage unit,

   the high speed data link being configured to allow high speed downloading of video data files from the first generation video data storage unit to the second generation video data storage unit and to prevent uploading of data from the second generation video data storage unit to the first generation video data storage unit, thus resisting data corruption of the original video data files on the first generation video data storage unit;

   an error detection system for monitoring the downloading of second generation video data files from the first generation video data storage unit to the second generation video data storage unit and for errors in the second generation video data files,

   the error detection system being configured to stop the downloading of a second generation video data file if an error is detected and to start the downloading over from the last point where the second generation video data file was known to be not corrupted,

   the error detection system being further configured to selectively initiate the video-on-demand system to restore the second generation video data file on the second generation video data storage unit from the original video data files on the first generation video data storage unit if repeated errors are detected in the downloading of the second generation video data file;

   wherein the second system tier is configured to not be remotely accessible by customers of the video-on-demand system;

   a third system tier including:

   a remotely accessible computer server configured for accessing the video data files, creating temporary video data files and downloading the temporary video data files for storage and viewing on a customer's video playing device;

   a high speed data link between the second generation video data storage unit and the remotely accessible computer server, the high speed data link being configured to allow high speed downloading of video data files from the second generation video data storage unit to the remotely accessible computer server and to prevent uploading of data from the remotely accessible computer server to the second generation video data storage unit, thus resisting data corruption of the second generation video data files on the second generation video data storage unit;

    and an error detection system for monitoring the downloading of temporary video data files from the remotely accessible computer server and for detecting errors in the temporary video data files,

    the error detection system being configured to stop the downloading of a temporary video data file if an error is detected and to start the downloading over from the last point where the temporary video data file was known to be not corrupted, the error detection system being further configured to initiate the video-on-demand system to restore the temporary video data file on the remotely accessible computer server from the second generation video data files on the second generation video data storage unit if repeated errors are detected in the downloading of the temporary video data file;

    wherein only the third system tier is configured to be remotely accessible by customers of the video-on-demand system.

It is hard to imagine how *anyone*, let alone Amazon, infringes this claim given the number of limitations in this extraordinarily narrow independent claim. Based on review of this and the remaining claims of the '622 patent, Amazon simply knows that it does not infringe the '622 patent.

      Amazon filed its counterclaims for declaratory judgment of non-infringement and invalidity in response to the action Plaintiff filed against it for patent infringement. These claims are properly plead in light of the *Twombly-Iqbal* pleading standard and the information Amazon has available to it regarding the allegedly infringed claims. Because Plaintiff is unable to show that Amazon can "prove no set of facts in support of [its] claim that would entitle [it] to relief," Plaintiff's request to dismiss Amazon's counterclaims should be denied.

### IV. AMAZON'S AFFIRMATIVE DEFENSES GIVE PLAINTIFF FAIR NOTICE OF ITS DEFENSES

      Plaintiff contends that the Court should dismiss all of Amazon's affirmative defenses because they are "stated in general and conclusory terms." Plaintiff's Motion at 5. Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial ...." *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 973 (9th Cir.2010) (internal quotations omitted). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir.1979).

Because motions to strike affirmative defenses as insufficient are generally disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." *G & G Closed Circuit Events, LLC v. Nguyen,* 2010 WL 3749284 at *1 (N.D. Cal. Sept.23, 2010). Here, Amazon has given Plaintiff fair notice of its affirmative defenses. While Amazon did not include extensive factual allegations with respect to each defense, it has provided information sufficient to give Plaintiff notice of its defenses. *See CTF Development, Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, at *7 (N.D. Cal. 2009) (finding that while statements of legal conclusions may not suffice, extensive factual allegations are not necessary to give fair notice); *Vistan Corp. v. Fadei USA, Inc.,* WL 1544796, at *7 (N.D. Cal. Apr.25, 2011) (explaining that boilerplate affirmative defenses "are standard affirmative defenses, appropriate at the outset of the case ..."). As a result, Amazon contends that its affirmative defenses are properly pleaded and satisfy the pleading requirements and those defenses, like all affirmative defenses, will be developed during discovery.

## V.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE SUBSTANTIAL QUESTIONS OF FACT REMAIN

Plaintiff contends that he has "submitted sufficient statements of fact and sufficiently supportive examples of evidence which clearly demonstrates that Amazon – despite their 'claims' to the contrary – is, as a material fact, infringing on Plaintiff Nomura's 622 patent." Plaintiff's Motion at 20. Amazon disagrees.

Summary judgment is proper when all the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Here, Plaintiff has divulged very little facts to Amazon or the Court. Of the facts known, the only possible undisputed fact is that www.amazon.com is a website. *Everything else in this case is disputed.* Plaintiff has presented no facts or evidence to the contrary. The only material "fact" that Plaintiff has present for the Court's consideration is the assertion that Amazon is infringing the '622 patent. This legal conclusion is clearly disputed. Whether or not the Court converts Plaintiff's motion to dismiss to a motion for summary judgment, Plaintiff is not entitled to a judgment of any type (summary judgment or judgment as a matter of law) because substantial questions of virtually every fact in the case remain.

## VI. CONCLUSION

Because Amazon's counterclaims and affirmative defenses are properly plead, the Court should deny Plaintiff's motion to dismiss and motion to strike.  Further, because a remarkable number of substantial questions of fact remain in this case, the Court should deny Plaintiff's motion for summary judgment.

K&L GATES LLP

Dated:  October 26, 2011                    By:    /s/ *Bryan J. Sinclair*
                                                                       Bryan J. Sinclair
                                                                       Sara N. Kerrane

                                                                       Attorneys for Defendant
                                                                       AMAZON.COM, INC.

AMAZON'S OPPOSITION TO AMENDED MOTION TO DISMISS AND SUMMARY JUDGMENT
OC #199623