```
 1  Tetsuya Joe Nomura
    3288 Pierce Street, Suite C129         FILED
 2  Richmond, CA 94804-5952
    Tel: (510) 200-4381                    NOV 0 2 2011
 3  VoD.JN@gmx.us
                                           RICHARD W. WIEKING
 4  Plaintiff, Pro Se                      CLERK, U.S. DISTRICT COURT
                                           NORTHERN DISTRICT OF CALIFORNIA
 5                                         SAN JOSE
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TETSUYA JOE NOMURA, | Case No.: **5:11-CV-01210-HRL** |
| Plaintiff and Counterdefendant, | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION [42] re: AMENDED MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES AND FOR SUMMARY JUDGMENT [41]** |
| vs. | |
| AMAZON.COM, INC., | |
| Defendant and Counterclaimant. | |
| AND RELATED COUNTERCLAIMS | **Hearing**<br>Date: **Tuesday, November 15, 2011**<br>Time: **10:00 am**<br>Judge: **Hon. Howard R. Lloyd**<br>Courtroom: **2, 5thFloor** |
| / | |
| / | |
| / | |
| / | |
| / | |
| / | |

-Cover Page-

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Tetsuya Joe Nomura (herein "*Nomura*") respectfully submits this Memorandum of Points and Authorities as Plaintiff's Reply to Defendant Amazon.com, Inc. (herein "*Amazon*") Opposition [Dkt. 42] (herein "*Opposition*") to Plaintiff's Amended Motion to Dismiss Counterclaims and Strike Affirmative Defenses and for Summary Judgment [Dkt. 41].

### I. INTRODUCTION

Plaintiff *Nomura* applied for United States patent protection on December 15, 2000. The first patent Publication date is Jun. 20, 2002. On August 07, 2007 United States Patent No. 7,254,622 (herein "*'622*") was duly and legally issued to Plaintiff *Nomura* for his Computer Implemented Invention (herein "*CII*") entitled "VIDEO-ON-DEMAND SYSTEM" (herein "*VoD*"). See Amended Complaint (herein "*Complaint*") EXHIBIT 01 [Dkt. No. 34]. *Amazon* launched their original "Video On Demand" service on or about September 04, 2008, and then re-launched their "Video On Demand" service as a re-branded "Amazon Instant Video" service on or near Feb. 22, 2011.

Filing the *Complaint* on August 26, 2011 [Dkt. 34]- Plaintiff *Nomura* brought this action against the Defendant to stop *Amazon*'s unauthorized use and infringement –of the *CII* described, claimed, and disclosed therein *VoD* patent *'622*– without any license or lawful right. Defendant *Amazon*'s willful infringement –as it has been discovered– includes but is not limited to, *Amazon*'s business(es), process(es), method(s), and technology(ies) –or significant portions thereof– used directly or indirectly by *Amazon*, its affiliates, third-parties, clients and viewers (herein "*co-infringers*"), throughout the State of California, the United States, and other countries throughout the world.

The infringements by *Amazon* and said *co-infringers* include any and all media assets or objects –which contain video of any kind or format, including but not limited to, music and other entertainment videos, personal videos, video advertisements, video games and other types of interactive videos, and all other relevant video-related media assets (herein "*video content*")– that are stored, temporarily or permanently, for download or streaming via *Amazon*, its affiliates and third-parties, are infringing patent *'622*. This also means that any *video content Amazon* and

Page -1 of 36-

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION RE: AMENDED MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE
DEFENSES AND FOR SUMMARY JUDGMENT AND [PROPOSED] ORDER       Case No. 5:11-CV-01210-HRL

its *co-infringers* provide –directly or indirectly– to any "third- or other party(ies)" for download or streaming are also infringing patent *'622*.

Simply stated, the material facts are: 1) Plaintiff *Nomura* has *VoD* patent *'622*; and 2) Defendant *Amazon* has a very lucrative growing international business from *VoD*, for which *Amazon* even used the name of Plaintiff *Nomura*'s patent; and 3) Plaintiff Nomura has submitted a proper *Complaint* with specific "Prayers for Relief". There is **NO** genuine dispute here.

The material facts and supporting evidence submitted herein to-date reinforce Plaintiff *Nomura*'s motion to dismiss with prejudice all of *Amazon*'s counterclaims, and strike all of *Amazon*'s affirmative defenses, and GRANT Plaintiff's Summary Judgment- post-haste.

## II.   LEGAL ARGUMENT

Plaintiff *Nomura* believes the *Complaint* is sufficient to describe, in a very direct straightforward manner, the material facts of this case- specifically that: 1) Plaintiff *Nomura* holds a duly authorized *VoD* patent for uploading, converting, downloading and streaming (not necessarily in that order) any and all *video content* –there on to and/or there from remote accessible contents server(s), to/from any device– via the Internet, and, 2) *Amazon*'s business model includes the ability for *Amazon* and its *co-infringers* to upload, convert, download and stream said *video content* (again, not necessarily in that order) via the Internet – ipso facto: *VoD* "Video On Demand".

The *VoD* technology(ies), process(es), business model(s) and more –claimed and described in patent *'622*– are intrinsically intricately inextricably paramount to *Amazon*'s global financial and related domination as demonstrated in the Bloomberg Businessweek article **"Amazon, the Company That Ate the World - Businessweek"** (http://www.businessweek.com/magazine/the-omnivore-09282011.html) –herein included as **Exhibit 01**– along with the related article **"Amazon Swallows Retail Sectors - Businessweek"** (http://www.businessweek.com/magazine/happy-meals-09282011-gfx.html) –herein included as **Exhibit 02**– in both of which Defendant *Amazon*'s Founder and CEO, Jeff Bezos, is smugly cheerfully gleeful at being depicted as the one-eyed slithering predatory monster who literally "ate the world" (see Businessweek image contained within article, **Exhibit 01**).

Page -2 of 36-

Plaintiff's Reply to Defendant's Opposition re: Amended Motion to Dismiss Counterclaims and Strike Affirmative Defenses and for Summary Judgment and [Proposed] Order       Case No. 5:11-CV-01210-HRL

1   An article from Oct. 26, 2004, "**U2 Can iPod with Pictures - InternetNews.**"
2   (http://www.internetnews.com/bus-news/article.php/3427271/U2+Can+iPod+with+Pictures.htm)
3   –herein included as **Exhibit 03**– quotes Apple's Founder and CEO, Steve Jobs:
4       "If you look at what our competition is doing, they are moving towards video, but they
5   are too big, too heavy and the screens are too small," Jobs said at the launch event here. "We
6   think that video is the wrong way to go. The right place is towards photos. [Because of the
7   increase in digital photography,] everyone has the content and you own the copyright."
8       Jobs' quote was four (4) years <u>AFTER</u> Plaintiff *Nomura* submitted his patent application;
9   two (2) years <u>after</u> patent publication. Clearly, even the most savvy innovative visionary CEOs
10  –like Apple's Steve Jobs and *Amazon*'s Jeff Bezos– grossly misjudged and/or misinterpreted the
11  approaching importance of *VoD*. Plaintiff *Nomura* did not, and holds the only *VoD* patent.
12      This material fact is reinforced by knowledge that- of the hundreds of patents currently
13  known to be held by *Amazon*- only two (2) are related to 'video'. One, as the article "**New**
14  **Amazon patent: sending video of orders being boxed**"
15  (http://www.techflash.com/seattle/2010/03/amazon_patents_new_customer_service_video_of_or
16  ders_being_boxed.html) –herein included as **Exhibit 04**– reveals a novel unique concept for
17  proving orders are properly packed, shipped, and fulfilled. The other article "**Amazon.com**
18  **patents talking during movies, TV shows**"
19  (http://www.techflash.com/seattle/2010/05/amazon_patents_talking_during_movies.html) –
20  herein included as **Exhibit 05**– reveals an innovation for the process of discussion(s) during
21  *video content* viewing. A third article "**Amazon CEO Jeff Bezos Filed To Patent Airbags For**
22  **Smartphones - SlashGear**" (http://www.slashgear.com/amazon-ceo-jeff-bezos-filed-to-patent-
23  airbags-for-smartphones-12171533/) –herein included as **Exhibit 06**– reveals a rather absurd
24  *Amazon* patent which also clearly proves *Amazon*'s patent process goes all the way to the top,
25  directly to *Amazon*'s Founder and CEO, "Jeffrey P. Bezos" – whose name is listed as co-inventor
26  on patent application 20110194230 dated Aug. 11, 2011. *Amazon* has silly airbag protection for
27  portable consumer electronics devices, yet **NO** serious *VoD* "Video On Demand" patent(s).
28      Furthermore, *Amazon* enjoys reiterating claims that Plaintiff *Nomura* has not properly

Page -3 of 36-

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION RE: AMENDED MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE
DEFENSES AND FOR SUMMARY JUDGMENT AND [PROPOSED] ORDER          Case No. 5:11-CV-01210-HRL

stated claim(s) for which relief can be granted. Yet, respectfully, Plaintiff *Nomura* strongly knows the *Complaint* has already done so. In a similar patent infringement case *Bird Barrier America, Inc. v. Bird-B-Gone, Inc.*, SACV 09-0418 AG, 2010 WL 761241 (C.D. Cal. Mar. 1, 2010) the Court states the "Legal Standard" is (bold indented emphasis added):

> **A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).**
>
> **But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."**
> ***Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).**

All of which, as Plaintiff *Nomura* understands the law, is directly on point since Plaintiff's *Complaint* –as filed on August 26, 2011– meets these legal standards, despite

1  Defendant *Amazon*'s repeated claim(s) to the contrary.

2  Moreover, Defendant *Amazon* openly concedes in their *Opposition* [Dkt. 42, 04, 14-20], Plaintiff *Nomura*'s *VoD* "video-on-demand technology is widely used in the television and computer industries to more accessibly bring audio and/or video content to users. The content can stream through a computer or other device, or can be downloaded or stored for access at any time. The technology is used by hundreds of companies to provide users instant access to a variety of material including movies, television programs, videos, music, advertisement, news, and educational materials. Amazon is one of hundreds of companies that employ this type technology to provide their customers with instant access to audio and/or video content."

Plaintiff *Nomura* most certainly firmly agrees, and –as Plaintiff understands the law– Defendant *Amazon* is legally liable and financially responsible for **ALL** of Plaintiff's world-wide losses created by *Amazon* and other "hundreds of companies" who are and have been willfully infringing patent '622. Said damages, including interest, from the date of first infringement(s) are tripled by showing "willful infringement" which *Amazon* admits they are, in fact, doing.

As Plaintiff *Nomura* understands the law, *Amazon* is as a material fact liable for **ALL** of Plaintiff *Nomura*'s cumulative losses to-date, as total damages incurred therefrom all such patent infringements. *Amazon*'s liability clearly exists –in a causal relationship due to *Amazon*'s and its *co-infringer*'s direct, induced, and/or contributory infringements– since Plaintiff *Nomura* has been unable to obtain any patent licenses and/or royalty agreements with the "hundreds" –if not hundreds of thousands– of companies who utilize or have utilized –in part or in whole, in nearly identical ways and means– the descriptions, claims, disclosures found in *VoD* patent '622.

Finally, Summary Judgment can be granted if there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. Rule of Civ. Proc. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 242, 251-252 (1986). A "material" fact is one which might affect the outcome of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510 (1986) (holding that a court must determine whether evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law). A dispute about a

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION RE: AMENDED MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES AND FOR SUMMARY JUDGMENT AND [PROPOSED] ORDER          Case No. 5:11-CV-01210-HRL

1  material fact is genuine if a reasonable jury could return a verdict for the non-moving party. *Id.*
2  In deciding a motion for summary judgment, the evidence is viewed in the light most favorable
3  to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255, 106
4  S.Ct. at 2513.  Moreover, "[c]redibility determinations, the weighing of the evidence, and the
5  drawing of legitimate inferences from the facts are jury functions, not those of a judge [when] he
6  is ruling on a motion for summary judgment." *Id.*

7  Determining infringement (or non-infringement) involves a two-step process. *Markman
8  v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370
9  (1996).  The first step requires the Court to construe the claims to ascertain their meaning and
10 scope. *Id.*  The second step requires a comparison of the construed claims to the Accused
11 Products to determine whether the elements in the asserted claims are found in that product. *Id.*

12 While infringement, either literal or under the doctrine of equivalents, is a question of
13 fact, summary judgment may nevertheless be granted "when no reasonable jury could find that
14 every limitation recited in the properly construed claim either is or is not found in the accused
15 device." *Bai v. L & L Wings*, 160 F.3d 1350, 1353 (Fed. Cir. 1998). That is true even were there
16 are incidental claim construction issues not yet resolved.  Claim construction is a question of law
17 for the Court to decide, and as the Court has recognized, resolution of such issues in connection
18 with a motion on infringement often provides necessary context to fully frame such issues.
19 *Rheox, Inc. v. Entact, Inc.*, 276 F.3d 1319, 1324 (Fed. Cir. 2002).

20 For the record- Plaintiff *Nomura* has submitted sufficient statements of fact and
21 sufficiently supportive examples of evidence which clearly demonstrate *Amazon* –despite their
22 'claims' to the contrary– is, as a material fact, infringing on Plaintiff *Nomura*'s *622* patent.

23 To that end, despite having more than six (6) months to prepare, *Amazon* has proffered
24 not one single sensible scintilla or even a tiny tantalizing tidbit of <u>factual</u> evidence –of any kind–
25 to support and solidify the Defendant's purported claims and defenses- especially their specious
26 boiler-plate formulaic claims and defenses that patent *'622* is invalid and unenforceable and that
27 *Amazon* is not infringing and does not infringe.  Absent any such evidence, the Court must be
28 duly swayed by the preponderance of factual statements, factual claims, and factual evidence

Page -6 of 36-

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION RE: AMENDED MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE
DEFENSES AND FOR SUMMARY JUDGMENT AND [PROPOSED] ORDER      Case No. 5:11-CV-01210-HRL

submitted hereto by –and in support of– Plaintiff *Nomura*. Accordingly, Plaintiff *Nomura*'s Motion for Summary Judgment of patent infringement should be so ordered- post-haste.

### III. <u>CONCLUSION</u>

Plaintiff *Nomura*'s patent infringement case is actually quite simple. *Amazon*, however, is still doing its best to confuse and complicate this matter, as well as to erroneously repudiate Plaintiff's claims, in their best efforts to obfuscate the material facts and obscure the actual truth – all of which provides *Amazon* the opportunity to avoid clear and certain ethical, legal, and financial responsibilities –as well as the related consequences– as a result of their ***willful*** choices and actions, or lack thereof.

Defendant *Amazon* asks the Court –twice– for a "Declaratory Judgment" that patent '622 is invalid and unenforceable. Plaintiff *Nomura* strongly submits that it is *Amazon*'s sole responsibility, duty, and "burden of proof" –**NOT** the Court's– to affirmatively factually establish, without a doubt, such invalidity and unenforceability as well as their other claims, and to also provide evidence to support their claims and defenses.

Having six (6) months to prepare a defense, *Amazon* has failed to provide ANY material facts or evidence that support their their affirmative defenses, and/or claims or counterclaims, let alone any level of facts or evidence sufficient to influence a jury, or this Court, to believe such. *Amazon* has also had more than sufficient opportunities –throughout recent years, or even during the months since being served with Plaintiff *Nomura*'s complaint– to initiate procedures that could support or finally determine such claims of invalidity and unenforceability. Yet, Defendant *Amazon* has ***willfully*** chosen not to initiate <u>any</u> of those very viable procedures either.

Plaintiff *Nomura* respectfully submits and hereby asserts that *Amazon* has repeatedly and consistently proffered no proof because they clearly have none. Sadly, and similarly, *Amazon* also possesses no patent for the "Video-On-Demand" business they are now so firmly entrenched within and exceedingly well rewarded –financially and otherwise– therefrom.

Therefore, based on the body of evidence before this Court, and based on Summary Judgment Standards, as well as the other related and relevant information included here to-date and hereinbefore, Plaintiff *Nomura* respectfully submits that this Court certainly has the right –if

not a legal obligation– to find in favor of Plaintiff *Nomura* and to immediately:

    **1) Dismiss all Defendant's Counterclaims with Prejudice;**

    **2) Strike all Defendant's Affirmative Defenses;**

    **3) Grant Plaintiff's Summary Judgment, in its entirety, post-haste.**

At the very least, it certainly seems within the Court's discretion and purview to provide an "Initial Ruling" as to sufficient findings of Defendant *Amazon*'s infringements, thereby providing the legal grounds for issuing an Order of Preliminary Injunction for the immediate removal and/or blocking of all *video content* that is –through *Amazon* and/or its *co-infringers* throughout the world– infringing Plaintiff *Nomura*'s *'622 VoD* patent.

Plaintiff *Nomura* has every best belief and firmest faith that this Court can and will deliver the appropriate level of honest, fair and righteous justice –in an expediently lawful manner– to FULLY remedy **all** factual matters that have been heretofore presented before this Court.

Respectfully submitted,

Dated this 2nd day of November, 2011

By: _____

/Tetsuya Joe Nomura,
Pro Se Plaintiff