*E-FILED 11-08-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE NOMURA TETSUYA,<br><br>    Plaintiff,<br>  v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant.<br>_____/ | No. C11-01210 HRL<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES; (2) DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS; AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket No. 29]** |

Pro se plaintiff Joe Nomura Tetsuya sues for alleged infringement of U.S. Patent No. 7,254,622 ('622 patent). Defendant Amazon.com, Inc. (Amazon) previously moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). That motion was granted with leave to amend. Plaintiff subsequently filed a First Amended Complaint (FAC), alleging that defendant "has infringed and continues to infringe one or more claims of the '622 patent." (FAC ¶ 15). Amazon answered the FAC and asserted several affirmative defenses, as well as two counterclaims for declaratory relief re non-infringement and patent invalidity.

Plaintiff now moves to strike Amazon's affirmative defenses and to dismiss defendant's counterclaims. In that same motion, plaintiff requests that the court enter summary judgment in his favor. Amazon opposes the motion. The matter is deemed suitable for determination without oral argument, and the November 15, 2011 hearing is vacated. Civ. L.R. 7-1(b). Upon

consideration of the moving and responding papers, the court denies plaintiff's motion.

A.        Motion to Strike Affirmative Defenses

Amazon asserts the following eleven affirmative defenses:   (1) Failure to State a Claim; (2) No Patent Infringement; (3) No Indirect, Contributory or Induced Infringement; (4) Patent is Invalid; (5) Patent is Unenforceable; (6) Substantial Non-Infringing Use; (7) Prior Use Right; (8) Dedication to the Public; (9) Limitation on Damages; (10) No Injunctive Relief; and (11) Failure to Properly Plead Willful Infringement.  (Dkt. No. 35).  Plaintiff moves to strike all eleven defenses, arguing that each is insufficiently pled and, further, that defendant has failed to present any supporting evidence.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  "In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it." FED. R. CIV. P. (8)(b)(1)(A).  "'The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'" Simmons v. Navajo Cnty., 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)).  "What constitutes fair notice depends on the particular defense in question." Vistan Corp. v. Fadei USA, Inc., No. C10-04862JCS, 2011 WL 1544796 at *7 (N.D. Cal., Apr. 25, 2011).  "Although a defense need not include extensive factual allegations in order to provide fair notice, statements reciting mere legal conclusions may not suffice." Id. (citing CTF Development, Inc. v. Penta Hospitality, LLC, No. C09-02429WHA, 2009 WL 3517617 at *7 (N.D. Cal., Oct. 26, 2009)).  Nevertheless, Fed. R. Civ. P. 12(f) motions are disfavored and will not be granted unless the insufficiency of the defense is clearly apparent. Id. (citing G&G Closed Circuit Events, LLC v. Nguyen, No. 10-cv-00168LHK, 2010 WL 3749284 at *1 (N.D. Cal., Sept. 23, 2010)).

Contrary to plaintiff's assertion, defendant need not, at the pleading stage, produce evidence proving its defenses.  As noted above, plaintiff's FAC does not identify which patent claims are being asserted.  Amazon's asserted defenses, "while boilerplate, are standard

2

1    affirmative defenses, appropriate at the outset of the case before discovery has commenced."
2    Vistan Corp., 2011 WL 1544796 at *7 (concluding that where plaintiff's complaint was vague
3    as to which patent claims were being asserted, defendant provided sufficient notice as to its
4    defenses).  Additionally, Amazon will be required under the Patent Local Rules to provide the
5    specificity plaintiff seeks as to the invalidity defense.  Id.  Plaintiff's motion to strike is denied
6    as premature.

7    B.    Motion to Dismiss Counterclaims

8        Amazon asserts two counterclaims for declaratory relief with respect to the '622 patent.
9    The first seeks a declaration of non-infringement; the second seeks a declaration of invalidity.
10   (Dkt. No. 35).  Plaintiff moves to dismiss these counterclaims, arguing that defendant has failed
11   to plead sufficient supporting facts and has failed to produce evidence proving that the '622
12   patent is not infringed and is invalid.

13       A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests
14   the legal sufficiency of a claim.  "Dismissal can be based on the lack of a cognizable legal
15   theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v.
16   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In such a motion, all material
17   allegations are deemed true and construed in the light most favorable to the claimant.  Id.
18   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
19   statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Morever, "the
20   court is not required to accept legal conclusions cast in the form of factual allegations if those
21   conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness
22   Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  However, a claim attacked by a Rule 12(b)(6)
23   motion to dismiss does not need detailed factual allegations and "heightened fact pleading of
24   specifics" is not required to survive a motion to dismiss.  Bell Atlantic Corp. v. Twombly, 550
25   U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted).  Rather, the
26   claimant need only give "enough facts to state a claim to relief that is plausible on its face."  Id.;
27   see also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief
28

1  survives a motion to dismiss."). In resolving such motions, the court does not consider matters
2  outside the pleadings. FED. R. CIV. P. 12(d).

3  As noted above, Amazon is not required to present evidence proving its counterclaims at
4  the pleading stage. The court finds that defendant's counterclaims contain a short and plain
5  statement that satisfies the pleading requirements of Fed. R. Civ. P. 8 and are sufficient to put
6  plaintiff on notice of the claims. "This is particularly so in a case, such as this one, where the
7  Plaintiff has not identified which patent claims are at issue in the case." Vistan Corp., 2011 WL
8  1544796 at *8. Accordingly, plaintiff's motion to dismiss Amazon's counterclaims is denied as
9  premature.

10 C.   Motion for Summary Judgment

11 Plaintiff has submitted a number of documents (e.g., website printouts and email
12 correspondence with defendant) and, on that basis, asks this court to grant summary judgment
13 in his favor on all issues. A motion for summary judgment should be granted if there is no
14 genuine issue of material fact and the moving party is entitled to judgment as a matter of law.
15 FED. R. CIV. P. 56(a), (c)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

16 Plaintiff's motion for summary judgment is premature. This case is still at the pleading
17 stage, and neither side has had an opportunity to engage in any discovery. In any event, based
18 on defendant's response to the FAC, it appears that just about every material fact in this
19 litigation is disputed. Accordingly, plaintiff's motion for summary judgment is denied, without
20 prejudice to plaintiff to renew the motion later at an appropriate juncture in the litigation.

21 SO ORDERED.
22 Dated: November 8, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:11-cv-01210-HRL Notice has been electronically mailed to:

Bryan J. Sinclair     bryan.sinclair@klgates.com, adrienne.wilson@klgates.com

5:11-cv-01210-HRL Notice mailed to:

Joe Nomura Tetsuya
3288 Pierce Street
Suite C-129
Richmond, CA 94804

    Pro Se Plaintiff