E-FILED on ___12/7/12___

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TETSUYA JOE NOMURA,<br><br>    Plaintiff,<br><br>    v.<br><br>YOUTUBE, LLC.,<br><br>    Defendant.<br>———————————————<br>TETSUYA JOE NOMURA,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | No. C-11-01208 HRL<br>No. C-11-01210 HRL<br><br><br><br>**ORDER DENYING PLAINTIFF'S MOTION TO (1) STRIKE DEFENDANTS' INTRODUCTION OF NEW EVIDENCE AND (2) PRECLUDE DEFENDANTS FROM ASSERTING NEW CLAIM CONSTRUCTION POSITIONS** |

      On November 12, 2012, plaintiff Tetsuya Joe Nomura ("Nomura") moved in both actions to (1) strike defendants' introduction of new evidence and (2) preclude defendants from asserting new

claim construction positions. (11-01208 Dkt. No. 80; 11-01210 Dkt. No. 85).[1] The hearing on this motion is scheduled for December 14, 2012. Pursuant to Civil Local Rule 7-1(b), the court deems this motion appropriate for determination without oral argument. For the foregoing reasons, the court denies Nomura's motion.

## I. BACKGROUND

In the instant actions, Nomora charged YouTube, LLC and Amazon.com, Inc. (collectively, "defendants") of infringing U.S. Patent No. 7,254,622 ("'622 Patent"), which is directed to a "video-on-demand system." On August 31, 2012, the parties filed a joint claim construction statement ("JCCS") pursuant to Patent Local Rule 4-3. The JCCS was the same in both actions. In the JCCS, the parties identified ten terms that would be the "most significant to the resolution of the case." Patent L.R. 4-3.

On October 15, 2012, Nomura filed his opening claim construction brief in support of his proposed claim constructions. On October 29, 2012, defendants filed responsive claim construction briefs, which are the subject of the instant motion. In the responsive claim construction briefs, each defendant "slightly modified several of its constructions in an attempt to narrow the issues and further limit the number of disputed terms for the Court to construe." Responsive Claim Construction Br. at 3, Case No. 11-01208, Dkt. No. 75 ("Response Br."). Defendants further describe the reason for the modifications as follows:

> During the meet and confer process under the Patent Local Rules, counsel for YouTube[ and Amazon] repeatedly asked counsel for Nomura to provide an explanation of Nomura's position on each disputed claim in order to see if there could be agreements reached as to any claim terms. Counsel for Nomura, however, did not provide YouTube[ or Amazon] with any detailed explanation as to any specifics regarding Nomura's disagreement with YouTube's proposed constructions other than to say he believed that the terms had a plain and ordinary meaning. Consequently, Nomura's Opening Brief on Claim Construction . . . was the first time that YouTube[ or Amazon] had any detailed explanation as to Nomura's positions on YouTube's[ and Amazon's] proposed constructions.

*Id.* at 2-3. Defendants state that the modification of their constructions in their responsive briefs was "a result of seeing [Nomura's] positions" for the first time. *Id.*

---

[1] Because the filings are identical in both actions, the remainder of this order cites to the docket in Case No. 11-01208.

0—No. C-11-01208 HRLNo. C-11-01210 HRL

2

As a result of these modifications, and so that Nomura could adequately respond to the defendants' modified constructions, the parties filed, and the court granted, a stipulated order that: (1) extended Nomura's deadline for filing his reply brief by one week; and (2) granted Nomura five additional pages. Case No. 11-01208, Dkt. Nos. 77, 78. In its reply brief, Nomura responded to defendants' new constructions. Concurrently with its reply brief, Nomura filed the instant motion to strike new evidence and preclude defendants' new claim constructions.

## II. ANALYSIS

The Patent Local Rules were designed to encourage an expeditious resolution of patent infringement disputes by requiring the parties to disclose certain information up-front, such as the asserted claims and infringement contentions, and any invalidity contentions. Patent L.R. 3. Further, the rules require the parties to, *inter alia*, exchange proposed terms for claim constructions, exchange preliminary claim constructions and extrinsic evidence, and file a joint claim construction and prehearing statement. Patent L.R. 4. The rules do not speak to modifications to a joint claim construction statement. While the court generally does not condone changes to a JCCS after the filing deadline, the court will consider modifications to the parties' proposed claim constructions when those modifications help the court construe the disputed terms. *See Rambus Inc. v. Hynix Semiconductor, Inc.*, 569 F. Supp. 2d 946, 981 (N.D. Cal. 2008) (expressing the court's disapproval of this type of conduct, but nevertheless denying the motion to strike revised constructions because the "proposed remedy–striking the Manufacturer's claim construction brief–would be too harsh" and the court was not "willing to ignore the Manufacturers' arguments if they help the court to construe the claims in dispute").

Here, defendants' modifications appear to narrow and clarify the disputed issues before the court. Indeed, in the response briefs, the defendants actually concede many of Nomura's arguments, including adopting Nomura's proposed construction in full with respect to the disputed term: "organized by category and indexed in master files." Response Br. at 6-7. It seems strange that Nomura would ask the court to reject this proposed changed, which concedes Nomura's position, and clearly limits the issues before the court.

With respect to the defendants' new extrinsic evidence, defendants provide that it was included in response to "Nomura's apparent objections to a number of the extrinsic definition sources [defendants] relied upon[, namely Wikipedia]." Response Br. at 3 n.3. Accordingly, defendants "included supplemental extrinsic definition sources that provide the same substantive support for [their] proposed constructions . . . ." *Id.* The court agrees with defendants that the extrinsic definitions are not substantively different than the original definitions submitted. The court will consider the new evidence, however, only to the extent that it helps the court construe the disputed terms.

The court also finds that defendants' modified constructions and supporting evidence do not unfairly prejudice Nomura at this stage of the litigation. The new constructions are substantially similar and/or concede certain arguments that Nomura made in its opening claim construction brief. Nomura was also granted an extra week and an additional five pages to respond to the revised constructions. Accordingly, the court finds Nomura's arguments in support of its motion unpersuasive.

### III. ORDER

For the foregoing reasons, the court denies plaintiff's motion.

DATED:     December 7, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE