1   Bryan J. Sinclair (SBN 205885)
    bryan.sinclair@klgates.com
2   Audrey Lo (SBN 253738)
    audrey.lo@klgates.com
3   K&L GATES LLP
    630 Hansen Way
4   Palo Alto, CA  94304
    Telephone:  (650) 798-6700
5   Facsimile:  (650) 798-6701

6   Sara N. Kerrane (SBN 259239)
    sara.kerrane@klgates.com
7   K&L GATES LLP
    1 Park Plaza
8   Twelfth Floor
    Irvine, CA  92614
9   Telephone:  (949) 253-0900
    Facsimile:  (949) 253-0902
10

11
    Attorneys for Defendant
12  AMAZON.COM, INC.

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

17  TETSUYA JOE NOMURA,                    Case No. CV 11-01210 HRL

18              Plaintiff,                 DEFENDANT AMAZON.COM, INC.'S
                                           MOTION FOR SUMMARY JUDGMENT
19          vs.                            OF NON-INFRINGEMENT;
                                           MEMORANDUM OF POINTS AND
20  AMAZON.COM, INC.,                      AUTHORITIES IN SUPPORT THEREOF

21              Defendant.                 CONFIDENTIAL – FILED UNDER SEAL

22                                         [Filed concurrently with the Declaration
                                           of Patrik Schnell in Support Thereof;
23                                         Declaration of David A. Dunlap in
                                           Support Thereof; Declaration of Bryan J.
24                                         Sinclair in Support Thereof; and
                                           [Proposed] Order]
25

26  AND RELATED COUNTERCLAIM.             Date:  September 10, 2013
                                          Time:  10:00 a.m.
27                                        Ctrm:  2

28

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 10, 2013, at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Howard R. Lloyd, presiding in Courtroom 2 of the United States District Court, Northern District, located at 280 S. First St., San Jose, California 95113, Defendant Amazon.com, Inc. ("Amazon") will and hereby does move the Court pursuant to Rule 56(a) of the Federal Rules of Civil Procedure for an order granting summary judgment of non-infringement of U.S. Patent No. 7,254,622 in favor of Amazon and against Tetsuya Nomura ("Nomura").

Pursuant to Rule 56, Amazon moves for summary judgment of non-infringement as to all causes of action in Nomura's First Amended Complaint on the grounds that there is no genuine issue as to any material fact and Amazon is entitled to judgment as a matter of law for the reasons set forth below in the Memorandum of Points and Authorities. This motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Patrik Schnell, the Declaration of David A. Dunlap, the Declaration of Bryan J. Sinclair, and any other argument or evidence that may be presented in advance of or at the any hearing on this Motion.

K&L Gates LLP

Dated: August 6, 2013

By: _/s/ Sara N. Kerrane_____
Bryan J. Sinclair
Audrey Lo
Sara N. Kerrane

Attorneys for Defendant
Amazon.com, Inc.

# TABLE OF CONTENTS

**TITLE**                                                                                      **PAGE**

I.     STATEMENT OF ISSUES TO BE DECIDED ................................................... 1

II.    INTRODUCTION ................................................................................ 1

III.   STATEMENT OF FACTS ...................................................................... 1

    A.    The '622 Patent ........................................................................... 1

    B.    '622 Patent Prosecution History .......................................................... 2

    C.    Procedural History of the Case ........................................................... 2

    D.    The Court's Claim Construction Order ................................................... 3

    E.    Accused Amazon Products ............................................................... 4

        1.    Amazon CloudFront ................................................................ 4

        2.    The Accused Amazon Instant Video System ..................................... 6

IV.    APPLICABLE LEGAL STANDARD ........................................................... 9

    A.    Summary Judgment ....................................................................... 9

    B.    Non-Infringement ......................................................................... 9

V.     LEGAL DISCUSSION ......................................................................... 10

    A.    Amazon Does Not Make, Use, Offer to Sell, Sell, or Import Any Complete
       System as Claimed and thus Does Not Directly Infringe the '622 Patent Claims 11

        1.    Amazon's Video-Sharing Systems Do Not Literally Infringe ................. 11

            a.    Corrupt Video Data Files

                ................................................................. 12

            b.    The Amazon Video Data Files

                ...... 13

            c.    Amazon End Users

                .......................................... 14

        2.    Doctrine of Equivalents ........................................................... 15

    B.    Amazon Does Not Indirectly Infringe Any Asserted Claim of the '622 Patent ... 16

VI.    CONCLUSION ................................................................................ 17

i

# TABLE OF AUTHORITIES

**CASE**                                                                    **PAGE(S)**

*Adickes v. S.H. Kress & Co.,*
    398 U.S. 144 (1970) ................................................................................ 9

*Akamai Techs., Inc. v. Limelight Networks, Inc.,*
    692 F.3d 1301 (Fed. Cir. 2012) ............................................................ 16

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) ................................................................................ 9

*Berg v. Kincheloe,*
    794 F.2d 457 (9th Cir. 1986) ................................................................. 9

*Carnegie Mellon University v. Hoffmann-La Roche Inc.,*
    541 F.3d 1115 (Fed. Cir. 2008) ........................................................ 15, 16

*Carroll Touch, Inc. v. Electro Mech. Sys., Inc.,*
    15 F.3d 1573, 1576 (Fed. Cir. 1993) ................................................... 10

*Celotex Corp. v. Catrett,*
    477 U.S. 317, 322-23 (1986) .................................................................. 9

*Chemical Eng'g Corp. v. Essef Indus., Inc.,*
    795 F.2d 1565, 1571 (Fed. Cir. 1986) ................................................. 11

*Freedman Seating Co. v. Am. Seating Co.,*
    420 F.3d 1350, 1356 (Fed. Cir. 2005) ............................................... 9, 15

*Kahn v. Gen. Motors Corp.,*
    135 F.3d 1472, 1477 (Fed. Cir.1998) .................................... 10, 12, 13, 15

*Markman v. Westview Instruments, Inc.,*
    52 F.3d 967, 976 (Fed. Cir. 1995.) ...................................................... 11

*Moore U.S.A., Inc. v. Standard Register Co.,*
    229 F.3d 1091, 1113 (Fed. Cir. 2000) ................................................. 16

*Nike Inc. v. Wolverine World Wide, Inc.,*
    43 F.3d 644, 646 (Fed. Cir. 1994) ......................................................... 9

*Precision Metal Fabricators, Inc. v. Jetstream Sys. Co.,*
    693 F. Supp. 814, 817-818 (N.D. Cal. 1988) ...................................... 11

*Searfoss v. Pioneer Consol. Corp.,*
    374 F.3d 1142, 1148 (Fed. Cir. 2004) ................................................... 9

1

## TABLE OF AUTHORITIES (CONTINUED)

2

**CASE**                                                                  **PAGE(S)**

3

*SEC v. Seaboard Corp.*,
    677 F.2d 1301, 1306 (9th Cir. 1982).................................................................. 9

4

*Terlep v. Brinkman Corp.*,

5
    418 F.3d 1379, 1384 (Fed. Cir. 2005)............................................................ 10

6
*Vita-Mix Corp. v. Basic Holdings, Inc.*,
    581 F.3d 1317, 1328 (Fed. Cir. 2009)............................................................ 10

7

*Wahpeton Canvas Co. v. Frontier, Inc.*,

8
    870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989)...................................................... 10

9
*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
    520 U.S. 17, 21, 24-28, 29 (1997)........................................................ 10, 15

10

*Warner-Lambert Co. v. Apotex Corp.*,

11
    316 F.3d 1348, 1363 (Fed. Cir. 2003)............................................................ 10

12

**STATUTES**

13

14
35 United States Code Section 103 ...................................................................... 2

15
35 United States Code Section 271 .................................................................... 10

16
Federal Rule of Civil Procedure Section 56.......................................................... 9

17

18

19

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **II.    STATEMENT OF ISSUES TO BE DECIDED**

3         Whether Amazon does not infringe the asserted claims of U.S. Patent No. 7,254,622 (the

4    "'622 patent").

5    **III.    INTRODUCTION**

6         Based on the undisputed facts about the architecture and operation of the accused Amazon

7    Instant Video ("AIV") and Amazon CloudFront ("CloudFront") systems, Amazon cannot infringe

8    claims 1 through 12 of the '622 patent as construed by the Court. Indeed, Plaintiff conceded at his

9    deposition that Amazon does not infringe. Plaintiff's candor should come as no surprise: this pro se

10   litigant essentially claims to have invented streaming video over the Internet, yet he could not retain

11   an attorney to prosecute such a seemingly lucrative claim.

12        In order to succeed on his claims of patent infringement, Plaintiff must prove through

13   competent evidence that AIV's and Cloudfront's systems include every limitation in the '622 patent.

14   Plaintiff cannot come close to making this showing. First, he has no competent evidence of anything

15   because he has taken no discovery. Second, no amount of discovery would have overcome the fact

16   that neither AIV nor CloudFront uses the '622 patent's most significant limitations. Indeed, the very

17   limitation that Plaintiff added to his patent application to save the '622 patent from rejection due to

18   the prior art raised during prosecution is absent from both AIV and CloudFront. Thus, Amazon

19   cannot be found to infringe any independent (or dependent) claim of the '622 patent and is entitled to

20   summary judgment of non-infringement as a matter of law.

21   **IV.    STATEMENT OF FACTS**

22        **A.    The '622 Patent**

23        The '622 patent, entitled "Video-On-Demand System" ("VOD System"), includes two

24   independent claims (claims 1 and 12) and 10 dependent claims (claims 2 through 11). The '622

25   patent generally discloses a three-tiered VOD System "configured for high speed downloading of

26   video data files with fault tolerance and resistance to data corruption." (Declaration of Bryan J.

27   Sinclair ("Sinclair Decl."), Ex. A (the '622 patent) at 10:50-52.)

28

1

1   The second tier of the VOD System includes "a second generation video data storage unit for

2   storing second generation video data files." (*Id.* at 10:60-62.)  In terms of the organization, "[t]he

3   video data files from the first generation video data storage unit 103 are sorted by categories and

4   stored on the second generation video data storage unit 105 in indexed master files." (*Id.* at 8:46-49.)

5       The third tier of the VOD System includes "a remotely accessible computer server configured

6   for accessing video data files, creating temporary video data files and downloading the temporary

7   video data files for storage and viewing" on a customer device. (*Id.* at 11:29-33.)   High speed data

8   links allow the files to be downloaded between tiers; however, to prevent data corruption of the video

9   data files, the claims prohibit upward transmission of video data files. (*Id.* at 11:1-6, 40-44.)   And,

10  while the third tier is configured to be remotely accessible by customers – the first and second tiers

11  are not. (*Id.* at 10:56-58; 11:24-26, 29, 61-63.)   Thus, VOD System users are prevented from

12  accessing the first and second tiers of the system.

13      **B.    '622 Patent Prosecution History**

14      Nomura filed the patent application that later became the '622 patent on December 15, 2000.

15  The patent discloses "[a] multitiered video-on-demand system configured for high speed

16  downloading of video data files with fault tolerance and resistance to data corruption." (*Id.* at 10:50-

17  52.) During prosecution, Nomura amended his claims to overcome a final rejection based on prior art

18  that rendered his claims unpatentable.   Specifically, claims 1-12 were "rejected under 35 U.S.C.

19  103(a) as being unpatentable over US Patent 6,005,561 to Hawkins in view of US Patent 5,600,573 to

20  Hendricks." (Sinclair Decl., Ex. B, NOMURA00088-94.)   In response, Nomura amended his claims

21  to add a very detailed error detection system and other preventive measures to reduce or eliminate

22  data corruption. (*Id.* at NOMURA00065-66, NOMURA00068-70.)   Following the amendment to

23  include the detailed error detection system, the examiner allowed the claims and the '622 patent

24  issued on August 7, 2007. (*Id.* at NOMURA00014.)

25      **C.    Procedural History of the Case**

26      Nomura, proceeding *pro se* and *in forma pauperis*, filed his complaint alleging infringement

27  of the '622 patent against Amazon on March 11, 2011 - nearly two and a half years ago. (Dkt. No.

28  1.) During these two and a half years, Nomura briefly engaged counsel before proceeding to fire his

2

counsel and proceeding *in pro per* again. (*See* Dkt. Nos. 102, 106, 112.)  Further, despite being aware of the court-ordered dates for the end of fact discovery and the start of expert discovery, Nomura did not conduct any substantive discovery before the discovery deadline.  Nomura did not serve a single interrogatory or document request, did not request or take a single deposition, and has not prepared in any way for the commencement of expert discovery. (*See* Sinclair Decl. at ¶ 4.)

Also noteworthy, after requesting that his counsel be relieved of their duties, Nomura was completely silent until Amazon served a notice of deposition the last week of fact discovery. (*Id.* at ¶ 5.)  Indeed, all Nomura has done since firing his counsel earlier this year is that he filed, less than a week before the end of fact discovery, a document entitled Fact Discovery Which Claim Unconstructed (Dkt. No. 117.)  Although it is unclear, it appears this document is Nomura's attempt to improperly amend his infringement contentions. (*See* Sinclair Decl., Ex. D (Nomura Depo) at 47.)  Finally, in his recent deposition, Nomura also candidly admitted that Amazon neither infringes nor makes money using the patented invention. (*Id.* at 50-51.)

**D.   The Court's Claim Construction Order**

On December 14, 2012, this Court conducted a *Markman* hearing to consider the parties' arguments as to the meaning of a number of the claims in the '622 patent.  On February 8, 2013, the Court issued a claim construction order. (Dkt. No. 95.)  Notably, the Court construed the following claim terms of the '622 patent (*see* Dkt. No. 95 at 20):

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL

| Disputed Claim Term | The Court's Construction |
|---|---|
| "configured to not be remotely accessible [by customers]" | "configured to prevent or deny access by a [customer's] remote device" |
| "sorted by category and classified [in indexed master files]" | "organized by category and indexed in master files." |
| "a back-up . . . video data storage unit for storing back-up . . . video data files" | "an additional video data storage unit for storing copies . . . of the video data files" |
| "a first data input station configured for uploading" | "a hardware device configured to receive" |
| "errors in the . . . video data files" | no construction required |
| "error detection system" | not a means-plus-function limitation; no construction required |
| "restore" | no construction required |
| "customers" | "system users" |
| "The high speed data link being configured . . . [(a)] to prevent uploading of data from the [higher tier server/customer to lower tier server], [(b)] thus resisting data corruption of the [video data files on the lower tier server]"<br><br>(The court construes the underlined terms as one clause.) | "to prevent uploading of video data files from the [higher tier server/customer to the lower tier server], thus resisting data corruption of the [video data files on the lower tier server]." |

### E.   **Accused Amazon Products**

Nomura accuses both CloudFront and AIV of infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, every claim of the '622 patent.

### 1.   **Amazon CloudFront**

Amazon CloudFront is a web-based cloud-computing network used by many companies and web developers to distribute static and dynamic web content to their end users. CloudFront has the capability of, among many other things, streaming audio and video content. However, it is not a streaming video service per se; CloudFront supports numerous types of applications.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18         **2.**    **The Accused Amazon Instant Video System**
19       AIV is Amazon's online, consumer-facing, video-on-demand service that allows end users to
20 download or stream video content from Amazon's network of servers. (*See*
21 http://www.amazon.com/Instant-Video/b/ref=sd_allcat_aiv_vid?ie=UTF8&node=2858778011.)
22
23
24
25
26
27
28

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL

As is clear from this detailed explanation of the structure and operation of AIV, there are several claim limitations of the independent claims of the '622 patent that are not present within AIV.

## V.   APPLICABLE LEGAL STANDARD

### A.   Summary Judgment

Summary judgment is appropriate in a patent case, as in other cases, if the pleadings and evidence show that no genuine issue exists as to any material fact and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994). A genuine issue as to a material fact is an issue that is likely to affect the outcome of a case and mandates a trial "to resolve the parties' differing versions of the truth." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The movant has the initial burden of demonstrating that summary judgment is proper because no genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party satisfies its initial burden, the burden then shifts to the opposing party to show that summary judgment is not appropriate because a genuine factual issue exists. *Celotex*, 477 U.S. at 323-24. Most importantly for this case, the opposing party cannot rest solely on conclusory allegations and must present evidence showing that a genuine factual issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

### B.   Non-Infringement

In a motion for summary judgment of non-infringement, Amazon has the burden of showing that one or more claim limitations are not present in the accused system. The infringement analysis involves two steps. First, the court must construe the meaning and scope of the asserted claims. *See Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1356 (Fed. Cir. 2005). Second, the claims as construed by the court must be compared limitation by limitation to the allegedly infringing product. *Id.* at 1357; *Searfoss v. Pioneer Consol. Corp.*, 374 F.3d 1142, 1148 (Fed. Cir. 2004). An

1   accused device can only be found to directly infringe a claim if the device embodies each and every
2   limitation of that claim, either literally or by a substantial equivalent. *Warner-Jenkinson Co. v.*
3   *Hilton Davis Chem. Co.*, 520 U.S. 17, 24-28, 29 (1997); *Carroll Touch, Inc. v. Electro Mech. Sys.,*
4   *Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993).  If even one element of an asserted claim is not present in
5   the accused systems, there is no infringement. *Terlep v. Brinkman Corp.*, 418 F.3d 1379, 1384 (Fed.
6   Cir. 2005); *Kahn v. Gen. Motors Corp.*, 135 F.3d 1472, 1477 (Fed. Cir.1998) ("[T]he absence of even
7   a single limitation of [a claim] from the accused device precludes a finding of literal infringement").
8   And if an independent claim is not infringed, any claim dependent thereon necessarily is also not
9   infringed. *See Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989).

10        In addition to direct infringement, a party may also be liable for indirect infringement, namely
11   induced infringement or contributory infringement. 35 U.S.C. § 271(b) and (c).  Inducement requires
12   proof that the alleged infringer (1) knew of the patent, (2) knowingly induced the infringing acts, and
13   (3) possessed the specific intent to encourage another's infringement of the patent. *Vita-Mix Corp. v.*
14   *Basic Holdings, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).   "[M]ere knowledge of possible
15   infringement by others does not amount to inducement; specific intent and action to induce
16   infringement must be proven." *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir.
17   2003).

18        Contributory infringement arises when a party sells, offers to sell, or imports a component of
19   a patented apparatus or system for use in practicing a patented process that constitutes a material part
20   of the invention, knowing the same to be especially made for infringing use, and not a staple article
21   or commodity of commerce suitable for substantial non-infringing use. 35 U.S.C. § 271(c).

22   **VI.   LEGAL DISCUSSION**

23        Claims 1 and 12 are the only independent claims of the '622 patent.  (Sinclair Decl., Ex. A
24   ('622 patent) at 10:50-11:63, 12:44-14:65.)

25

26

27

28

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL

Thus, Amazon is entitled to summary judgment of non-infringement as a matter of law.

**A.      Amazon Does Not Make, Use, Offer to Sell, Sell, or Import Any Complete System as Claimed and thus Does Not Directly Infringe the '622 Patent Claims**

Amazon cannot directly infringe any claim of the '622 patent because Amazon does not make, use, offer to sell, sell, or import the complete video-on-demand system described in the '622 patent. To directly infringe, Amazon's accused systems would have to infringe at least one claim of the '622 patent either literally or under the doctrine of equivalents. A careful comparison of the properly interpreted claims to the allegedly infringing system shows, however, that neither CloudFront nor AIV infringes any claim of the '622 patent. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995.) (explaining that after the court construes the claims, the second step of the patent infringement analysis involves the comparison of the claimed invention to the accused device). The undisputed evidence unmistakably shows that numerous claim limitations set forth in the '622 patent, as construed by this Court, are absent from the accused Amazon systems.

**1.      Amazon's Video-Sharing Systems Do Not Literally Infringe**

Nomura cannot show that either AIV or CloudFront literally infringes the two independent claims of the '622 patent.  In fact, Nomura testified in his deposition that Amazon is not manufacturing or generating revenue from the patented invention.  (*See* Sinclair Decl., Ex. D (Nomura Depo) at 49:10-22.)  Furthermore, Nomura has received and reviewed thousands of pages of Amazon documents produced pursuant to the Northern District of California local patent rules and has had access to Amazon source code, but has presented nothing more than conclusory statements alleging infringement, often not citing a single shred of supporting evidence. (*See* Sinclair Decl., Ex. C (Nomura's Amended Infringement Contentions) at 6-7.)  Conclusory statements, however, "are insufficient to create a genuine issue of fact" and accordingly, summary judgment is appropriate. *Precision Metal Fabricators, Inc. v. Jetstream Sys. Co.,* 693 F. Supp. 814, 817-818 (N.D. Cal. 1988) (*citing Chemical Eng'g Corp. v. Essef Indus., Inc.*, 795 F.2d 1565, 1571 (Fed. Cir. 1986).  Because the undisputed evidence shows that both CloudFront and AIV lack several limitations of the '622

1  patent, Nomura's claims fail as a matter of law. *Kahn*, 135 F.3d at 1477 ("[T]he absence of even a

2  single limitation of [a claim] from the accused device precludes a finding of literal infringement.").

3              a.      ***Corrupt Video Data Files***

5  Claims 1 and 12 of the '622 patent include, *inter alia*, an error detection system that both

6  monitors the downloading of video data files between system tiers and takes action to correct certain

7  errors when detected. (Sinclair Decl., Ex.A ('622 patent) at 11:45-59, 14:46-61 ("an error detection

8  system for ***monitoring*** the downloading of …, the error detection system being configured ***to stop the***

9  ***downloading*** of … if an error is detected …, the error detection system being further configured …

10  ***to restore*** … if repeated errors are detected during downloading...") (emphasis added).) Notably,

11  Nomura amended his claims during prosecution and added this error detection system to overcome

12  the examiner's obviousness rejection so that his claims would be allowed. As amended, the claimed

13  system takes two distinct actions when errors are detected during downloading. First, if an error is

14  detected, the error detection system stops the downloading of the video data file and restarts the

15  downloading from the last non-corrupt point. Second, when repeated errors are detected during

16  downloading, the error detection system "restore[s]" the corrupt video data file. With respect to this

17  second action, the claims provide:

- Claim 1: "the error detection system being further configured to selectively initiate the video-on-demand system to ***restore*** the second generation video data file on the second generation video data storage unit ***from the original video data files on the first generation video data storage unit***" (*Id.* at 11:16-21 (emphasis added).)

- Claim 1: "the error detection system being further configured to initiate the video-on-demand system to ***restore*** the temporary video data file on the remotely accessible computer server ***from the second generation video data files*** on the second generation video data storage unit" (*Id.* at 11:53-57 (emphasis added).)

- Claim 12: "the error detection system being further configured to selectively initiate the video-on-demand system to ***restore*** the second generation video data file on the second generation video data storage unit ***from the first generation video data files*** on the first generation video data storage unit or from the back-up second generation video data files on the back-up second generation video data storage unit" (*Id.* at 13:46-54 (emphasis added).)

- Claim 12: "the error detection system being further configured to initiate the video-on-demand system to ***restore*** the temporary video data file on the first and/or second remotely accessible computer servers ***from the second generation video data files*** on the second generation video data storage unit" (*Id.* at 14:55-60 (emphasis added).)

12

1     The language of the claims confirm that the concept of restoration in this system relates to the

2     system's ability to return a corrupted video data file to an uncorrupted condition so that it is available

3     for its intended use.  The term "restore" is not defined in the specification and was not construed by

4     the Court.  The plain and ordinary meaning of the term restore is "to return to an original or former

5     condition."   (Sinclair Decl., Ex. F (dictionary definition).)   In other words, if the claimed error

6     detection system detects repeated errors in a data file during the download, it will repair or restore

7     that file to its original or former condition (*i.e.* the condition before the error existed), regardless of

8     whether that original or former condition also had an error in the file.  This error detection system

9     does not detect or repair errors that may exist in the original video file.  Instead, it simply detects any

10    error that has occurred during transmission and will repair that file to the state before the transmission

11    error occurred.

12

13

14

15

16

17

18

19

20

21

22                   b.      *The Amazon Video Data Files*

23

24     Claims 1 and 12 also require, *inter alia*, the video data files on the second generation video

25    data storage unit be "sorted by category and classified in indexed master files."  (Sinclair Decl., Ex. A

26    ('622 patent) at 10:61-62.)  The parties agreed that this phrase is properly construed as "organized by

27    category and indexed in master files."  (Dkt. No. 95 (claim construction order) at 20.)

28

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

24        c.      *Amazon End Users*

25

26      Independent claims 1 and 12 require, *inter alia*, the first and second tiers of the VOD System

27 to be "configured to not be remotely accessible" by customers of the VOD System or, as construed

28

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL

1  by the Court, "configured to prevent or deny access by a [customer's] remote device." (Sinclair

2  Decl., Ex. A ('622 patent) at 10:56-57, 11:24-25; Dkt. No. 95 (claim construction order) at 20.)

3

4

5

6

7

8

9               2.      **Doctrine of Equivalents**

10      Nomura cannot prove infringement through the doctrine of equivalents. Under the doctrine of

11  equivalents, "a product or process that does not literally infringe upon the express terms of a patent

12  claim may nonetheless be found to infringe if there is an 'equivalence' between the elements of the

13  accused product or process and the claimed elements of the patented invention." *Carnegie Mellon*

14  *University v. Hoffmann-La Roche Inc.*, 541 F.3d 1115, 1129 (Fed. Cir. 2008) (*citing Warner-*

15  *Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. at 21). The "all limitations rule," however,

16  restricts the doctrine of equivalents by preventing its application when doing so would vitiate a claim

17  limitation. *Warner-Jenkinson*, 520 U.S. at 29 (stating that the doctrine of equivalents cannot be

18  applied broadly so as to "effectively eliminate that [claim] element in its entirety"). In determining

19  whether a finding of infringement under the doctrine of equivalents would vitiate a claim limitation,

20  courts consider "the totality of the circumstances of each case and determine whether the alleged

21  equivalent can be fairly characterized as an insubstantial change from the claimed subject matter

22  without rendering the pertinent limitation meaningless." *Carnegie Mellon*, 541 F.3d at 1129 (*citing*

23  *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1359 (Fed. Cir. 2005)).

24      There is simply no evidence that CloudFront or AIV infringes any claim of the '622 patent

25  based on the doctrine of equivalents because any attempt to do so would necessarily require Nomura

26  to read one or more limitations out of the asserted claims. Most importantly, Nomura cannot rely on

27  the doctrine of equivalents to overcome the fact that

28                                              . Such a use of the doctrine would

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL

1  read out of the '622 patent the very limitation that allowed the patent to issue in the first place. Such

2  a change could hardly be characterized as "insubstantial." *Carnegie Mellon*, 541 F.3d at 1129.

3       Moreover, Nomura cannot cite evidence that CloudFront or AIV infringes, either literally or

4  under the doctrine of equivalents, any claim of the '622 patent. The Federal Circuit has held that a

5  bare bones allegation without any supporting facts is insufficient to allege infringement under the

6  doctrine of equivalents. *See Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1113 (Fed.

7  Cir. 2000) ("[t]he mere recital of the *Graver Tank* mantra…without more, does not create a genuine

8  issue of material fact as to whether an accused device infringes by equivalents"). Accordingly, any

9  unsupported allegation of infringement based on the doctrine of equivalents should be rejected and

10  this Court should grant summary judgment of non-infringement of the '622 patent in Amazon's

11  favor.

12      **B.**    <u>**Amazon Does Not Indirectly Infringe Any Asserted Claim of the '622 Patent**</u>

13       Amazon does not induce or contribute to infringement of any claims of the '622 patent.

14  Amazon cannot indirectly infringe unless one or more parties satisfy each of the limitations set forth

15  in each asserted claim. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1306,

16  1308 (Fed. Cir. 2012) (en banc) (holding that "there can be no indirect infringement without direct

17  infringement"). As explained above, Nomura fails to show that CloudFront or AIV satisfies each and

18  every limitation set forth in claims 1 and 12, and the claims dependent thereon. Because there is no

19  issue of material fact with respect to the question of direct infringement, Amazon cannot be liable for

20  indirect infringement.

21

22

23

24

25

26

27

28

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL

1  **VII.   <u>CONCLUSION</u>**

2      Both CloudFront and AIV lack key limitations of the '622 patent.  This Court can grant

3  summary judgment of non-infringement on any one of three separate and distinct grounds with

4  respect to Claims 1 and 12, and all claims dependent thereon.  Because there is no genuine issue of

5  material fact as to infringement, Amazon is entitled to summary judgment of non-infringement as a

6  matter of law.

7

8                                          *Respectfully submitted,*

9                                          K&L Gates LLP

10

11
   Dated:  August 6, 2013          By:   <u>*/s/ Sara N. Kerrane*</u>
12                                        Bryan J. Sinclair
                                          Audrey Lo
13                                        Sara N. Kerrane

14                                        Attorneys for Defendant
                                          Amazon, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
Case No. CV 11-01210 HRL