*E-FILED: August 28, 2013*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TETSUYA JOE NOMURA,<br>Plaintiff,<br>v.<br>AMAZON.COM, INC.,<br>Defendant. | No. C11-1210 HRL<br><br>**ORDER DENYING AMAZON'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: Docket Nos. 123, 125] |

## I. AMAZON'S SEALING REQUESTS

Amazon.com, Inc. ("Amazon") first requests a court order sealing exhibits A, B, C and D to the declaration of Sara N. Kerrane in support of its motion to dismiss for failure to prosecute pursuant. Dkt. No. 123. Specifically, exhibits A, B, C and D of the Kerrane declaration are, respectively:

- plaintiff Tetsuya Joe Nomura's ("Nomura") "infringement contentions" served without counsel on December 27, 2011;
- Nomura's revised infringement contentions of March 16, 2012;
- Nomura's amended infringement contentions of May 18, 2012; and
- the certified transcript of Nomura's deposition. *Id.*

Amazon also requests a court sealing portions of its motion for summary judgment of noninfringement and declarations thereto. Dkt. No. 125. Specifically, Amazon wishes to seal

1  the declaration of David A. Dunlap and exhibit A thereto, the declaration of Patrik Schnell and
2  exhibit A thereto, and exhibits C, D, and E to the declaration of Bryan J. Sinclair. *Id.*

- The Dunlap declaration generally explains the architecture and functionality of Amazon's accused CloudFront web service; exhibit A thereto depicts the general system architecture for the Amazon Web Services, including CloudFront.
- The Schnell declaration generally explains the architecture and functionality of Amazon's accused Instant Video system; exhibit A thereto generally depicts the Amazon Instant Video system architecture.
- Exhibits C, D, and E to the Sinclair declaration are, respectively:
    - Nomura's amended infringement contentions of May 18, 2012;
    - the certified transcript of Nomura's deposition; and
    - a copy of a portion of the Amazon CloudFront Developer Guide *publicly available online* at: http://docs.aws.amazon.com/AmazonCloudFront/latest/DeveloperGuide/Introduction.html.

## II. ANALYSIS

To be sealable a document must be "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a). Under the local rules, "[a] stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal" for that reason alone. *Id.* "Compelling reasons" are required to seal documents used in dispositive motions. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Having thoroughly reviewed the documents, the court finds that they do not contain any information that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Amazon asks the court to seal information that is highly relevant to the resolution to the motions before it, largely publicly available, and otherwise non-confidential:

- Nomura's infringement contentions in this case are highly relevant to the court's resolution of Amazon's motion for summary judgment of noninfringement. All of the infringement contentions that Amazon requests to seal are based on publicly available

documents and are not otherwise legally protectable. The court **DENIES** Amazon's request to file any of the infringement contention exhibits under seal.

- Nomura's deposition testimony is highly relevant to the resolution of both motions and does not reveal any legally protectable information. The court **DENIES** Amazon's request to file any of Nomura's deposition testimony exhibits under seal.
- The Amazon CloudFront developer guide is available online to the public and is thus mischaracterized by Mr. Sinclair in his declaration in support of the sealing request. The court **DENIES** Amazon's request to file exhibit E to the Sinclair declaration under seal.
- The Dunlap and Schnell declarations do not disclose any sensitive business information, but rather explain the general architecture and functionality of the accused products, which is highly relevant to the motion for summary judgment of noninfringement. The court **DENIES** Amazon's request to file the Dunlap and Schnell declarations under seal.
- Although the public nature of exhibit A to the Dunlap declaration and exhibit A to the Schnell declarations is unclear, the information depicted therein appears to be publicly available on Amazon's AWS documentation website. There is no suggestion that disclosure of these diagrams would harm Amazon's business in any way. Amazon presents no compelling reason to seal these exhibits. The court **DENIES** Amazon's request to file these exhibits under seal.

### III. ORDER

For the foregoing reasons, the court DENIES Amazon's sealing motions. Amazon shall file the materials in the public record within four days, or withdraw the materials from the case, in accordance with Civil Local Rule 79-5(e).

Dated: August 28, 2013

_____
Magistrate Judge Howard R. Lloyd