1

2

3

4

5

6

NOT FOR CITATION IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TETSUYA JOE NOMURA, | Case No. C-11-01210 HRL |
| Plaintiff, | **ORDER GRANTING DEFENDANT AMAZON.COM, INC.'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT AND DENYING DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE PURSUANT TO F.R.C.P. 41(b)** |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |
| | **[Re: Docket Nos. 124, 126, 131[1]]** |

On August 6, 2013, defendant Amazon.com, Inc. ("Amazon") filed concurrent motions for

summary judgment of noninfringement of U.S. Patent No. 7,254,622 ("'622 Patent") and to dismiss

for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Dkt. Nos. 124, 126. On

September 10, 2013, the court held a hearing on Amazon's motions. At the time of the claim

construction briefing and hearing, plaintiff Tetsuya Joe Nomura ("Nomura") was proceeding with

the assistance of counsel. Following the court's Claim Construction Order, Nomura filed a motion

for substitution of counsel, Dkt No. 102, and Nomura's counsel filed a motion to withdraw as

---

[1] Unredacted motion for summary judgment of noninfringment.

United States District Court
For the Northern District of California

1    counsel, Dkt. No. 106, which the court granted on April 11, 2013, Dkt. No. 112. Nomura is

2    currently proceeding *pro per*.

3            Because Amazon has demonstrated that its accused products do not meet multiple claim

4    limitations of the '622 Patent as construed by the court, and Nomura has identified no genuine issue

5    to preclude summary judgment, the court: (1) GRANTS Amazon's motion for summary judgment

6    of noninfringement; and (2) DENIES Amazon's motion to dismiss for failure to prosecute as moot.

## I.  BACKGROUND

### A. The '622 Patent and the Claim Construction

9            Nomura owns the '622 Patent, titled "Video-on-Demand [("VOD")] System." A detailed

10   description of the claimed invention is contained in the court's February 8, 2013 Claim Construction

11   Order. Dkt. No. 95 at 2-3. The '622 Patent is generally directed to a three tiered architecture for

12   inputting, converting, and storing video data files that are ultimately accessed, downloaded, and

13   viewed by customers. Most relevant to the courts noninfringement determination are three features,

14   discussed below, that are required by every claim of the '622 Patent.

15           First, the first and second tiers of Nomura's VOD system are "configured to not be remotely

16   accessible by customers." '622 Patent, claims 1 and 12.[2] The court construed this term to mean that

17   the first and second tiers are "configured to prevent or deny access by a customer's remote device."

18   Claim Construction Order 5-7. Thus, customers, or "system users,"[3] can only directly download

19   video files that are stored in the third tier of the VOD system, which is a remotely accessible server.

20   '622 Patent col.6 ll.46-48.

21           Second, under the parties' agreed upon claim construction adopted by the court, the video

22   files in the second-generation video data storage unit (or "tier 2") are "organized by category and

23   indexed in master files." Claim Construction Order 7.

24           Third, Nomura's VOD system contains "an error detection system"[4] that monitors the

25   downloading of video data. The error detection system stops the downloading of the video data file

26   if an error is detected, and restarts the downloading from just before the point of corruption. *See*

___

[2] Claims 1 and 12 are the independent claims in the '622 Patent, from which all the other claims depend. Thus, all claims in the patent contain this limitation.
[3] The parties stipulated that the claim term "customers" means "system users."
[4] The court adopted the plain and ordinary meaning for "error detection system."

ORDER GRANTING SUMMARY
JUDGEMENT OF NONINFRINGEMENT          - 2 -
Case No. C-11-01210 HRL

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    *e.g.*, '622 Patent col.1 ll.7-23, 45-49.  In the event of repeated errors during downloading, the claims

2    require that the error detection system "restore"[5] the data file from a lower tier server, or from a

3    back-up data storage unit.  *Id.*

4    **B. The Accused Product**

5        Nomura accuses both Amazon CloudFront systems ("CloudFront") and Amazon Instant

6    Video ("AIV") of infringing claims 1 through 12 of the '622 Patent.

7    **1. CloudFront**

8        CloudFront is "a web service that can be used for uploading, storing, and downloading any

9    type of data file, including video."  Dunlap Decl. ¶ 3, Dkt. No. 133.  CloudFront accomplishes

10   content delivery using "Origin" servers, a "CloudFront distribution," and "Edge" servers.  *Id.* ¶ 4.

11   Amazon's Origin servers, which "store video data files to be delivered to the end user," are similar

12   in general functionality to the tier 1 first generation video data storage unit in the '622 Patent.  *Id.* ¶

13   5.  Amazon's Edge servers, which "distribute the data files to end users," are similar to the tier 3

14   remotely accessible server in the '622 Patent.  *Id.* ¶ 7.  CloudFront distribution tells CloudFront

15   which Origin server it should go to to retrieve requested files.  *Id.* ¶ 6.

16       The CloudFront sytem is different than Nomura's VOD system in at least three ways.  First,

17   it does not have a second tier video data storage unit as described in the '622 Patent that stores video

18   files by category or indexed in master files.  *Id.* ¶ 10.  Second, the CloudFront system does not

19   prevent user access to the "tier 1" Origin servers.  *Id.* ¶ 9.  Third, CloudFront does not restore or

20   repair a corrupt video data file, but rather "transfers files without any notion of file quality or

21   attempts to repair a corrupt file."  *Id.* ¶ 11.

22   **2. AIV**

23       AIV delivers video content to end users using various types of servers: a "Reception Fleet"

24   server, "Simple Storage Service" ("S3") servers, "Content Delivery Network Origin" ("CDN

25   Origin") servers, and Content Delivery Network Edge ("CDN Edge") servers.  Schnell Decl. ¶ 3,

26   Dkt. No. 132.  Since January 2013, AIV also uses CloudFront for video content delivery.  *Id.*  The

27   S3 servers, which store original video data files, are similar in general functionality to the tier 1 first

28

---

[5] The court adopted the plain and ordinary meaning for the term "restore."

1   generation video data storage unit in the '622 Patent.   The S3 servers also serve the same general

2   functionality as the tier 2 second generation video data storage unit in the '622 Patent.  The CDN

3   Edge servers serve the same general functionality as the tier 3 remotely accessible servers in the

4   '622 Patent.

5         AIV is different than Nomura's VOD system in at least two ways.  First, video data files

6   stored on the S3 servers are not organized by category or indexed in master files.  *Id.* ¶ 6.  Second,

7   AIV is not configured to automatically restore or repair corrupt video data files located in the CDN

8   Edge servers, CDN Origin servers, or S2 servers from other stored copies, but rather "[a]n engineer

9   or operator can manually take steps to copy a transformed video data file, re-encode a source file or,

10  if the source file is corrupt, ask the vendor for a new source file to be re-encoded." *Id.* ¶ 8.

## II. ANALYSIS

### a.   Summary Judgment Standard

12        Summary judgment is appropriate when there is no genuine issue of material fact such that

13  the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v.*

14  *Catrett*, 447 U.S. 317, 322-23 (1986).  Where a defendant seeks summary judgment of

15  noninfringement, "nothing more is required than the filing of . . . a motion stating that the patentee

16  had no evidence of infringement and pointing to the specific ways in which accused systems did not

17  meet the claim limitations." *Exigent Tech. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1309 (Fed. Cir.

18  2006).  If the movant makes such a showing, the burden of production then shifts to the patentee to

19  "identify genuine issues that preclude summary judgment." *Optivus Tech., Inc. v. Ion Beam*

20  *Applications S.A.*, 469 F.3d 987, 990 (Fed. Cir. 2006).  Infringement is a question of fact that "is

21  amenable to summary judgment where, *inter alia*, no reasonable fact finder could find

22  infringement." *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir.

23  1998).  As with any summary judgment motion, the court views all facts in a light most favorable to

24  the nonmoving party and draws all reasonable inferences in its favor. *IMS Tech., Inc. v. Haas*

25  *Automation, Inc.*, 206 F.3d 1422, 1429 (Fed. Cir. 2000).  "[A]n ordinary *pro se* litigant, like other

26  litigants, must comply strictly with the summary judgment rules." *Thomas v. Ponder,* 611 F.3d

27  1144, 1150 (9th Cir. 2010) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

*United States District Court*
*For the Northern District of California*

### b.  Patent Infringement

A patent infringement analysis requires two steps.  First, the court construes the meaning and scope of the asserted claims of the patents, which is a question of law.  *See Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1356-57 (Fed. Cir. 2005).  "Second, the court must determine whether the accused product . . . contains each limitation of the properly construed claims, either literally or by a substantial equivalent," which is a question of fact.  *Id.* at 1357.  "Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device."  *Kahn v. Gen. Motors Corp.*, 135 F.3d 1472, 1477 (Fed. Cir. 1988).  "[T]he absence of even a single limitation of [a claim] from the accused device precludes a finding of literal infringement."  *Id.*  If a specific claim limitation is not literally present in the accused product, a patentee may establish infringement under the doctrine of equivalents by proving that the accused product "performs substantially the same function in substantially the same way to obtain the same result."  *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950) (quotation omitted); *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 24-29 (1997) (requiring the equivalence analysis to be performed on a limitation by limitation basis).

### c.  Application

Here, Amazon argues that its accused systems do not infringe the '622 Patent either literally or under the doctrine of equivalents because CloudFront does not include at least three claim limitations and AIV does not include at least two claim limitations, as construed by the court, that are required by every claim of the '622 Patent.  Specifically, Amazon asserts that CloudFront: (1) does not prevent a user's remote device from accessing the first or second system tiers; (2) does not organize video data files by category or index them in master files within the second tier; and (3) does not restore or repair corrupt temporary video data files.  With respect to AIV, Amazon asserts that AIV: (1) does not organize video data files by category or index them in master files within the second tier; and (2) does not restore or repair corrupt temporary video data files.  Amazon also argues that CloudFront and AIV do not infringe under the doctrine of equivalents because there is nothing equivalent to the required features of the '622 Patent, e.g., there is no error detection and correction system in either accused system.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Moreover, Amazon argues that it does not induce or contribute to infringement of the '622

2    Patent because "there can be no indirect infringement without direct infringement." *Akamai Techs.,*

3    *Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012) (en banc).

4    Nomura did not file an opposition to Amazon's motion. Civil Local Rule 7-3(a) required

5    Nomura to file an opposition to Amazon's motion within fourteen days after Amazon's motion was

6    filed. Nonopposition alone is sufficient to grant Amazon's motion for summary judgment, even in

7    the case of a *pro se* plaintiff. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding

8    that *pro se* litigants are bound by the court's local rules of procedure, and affirming the district

9    court's dismissal based on *pro se* litigants failure to file a timely opposition).

10    Nearly a month after Amazon filed its reply and statement of nonopposition, Nomura filed a

11    document with the court, titled: "[Amazon] is clearly infringing the '622 Patent. Respectfully

12    Submit to Court Plaintiff's Proof of Evidence and the Fact of the Truth From Amazon's Dkt [126]."

13    Dkt. No. 135. In this filing, Nomura states that he agrees with the court's claim construction order.

14    *Id.* at 7. Nomura then directs the court to two diagrams depicting the architecture of Amazon's AIV

15    and CloudFront systems. *Id.* at 8, 10. According to Nomura, these diagrams are "proof" of

16    infringement. *Id.* at 8, 9. Nomura asks Amazon to "immediately remove" certain video data from

17    AIV and features of CloudFront. *Id.* at 9, 11. Even considering Nomura's untimely filing as an

18    opposition, Nomura fails to compare the claims of the '622 Patent, as construed by the court, to the

19    accused product. Nomura fundamentally fails to engage in a patent infringement analysis, which

20    requires a limitation by limitation comparison of the asserted patent claims to the accused products.

21    Each and every claim limitation *must* be present in the accused products for the products to infringe.

22    While the diagrams generally depict the architecture of Amazon's AIV and CloudFront systems,

23    they do not show the existence of all of the required claim limitations as construed by the court.

24    Amazon, on the other hand, has provided evidence to the court showing that its accused

25    CloudFront system lacks at least three essential features of every asserted claim of the '622 Patent,

26    and that its accused AIV system lacks at least two essential features of every asserted claim of the

27    '622 Patent. Even viewing Nomura's filings as liberally as possible, the court concludes that

28    Nomura has not shown a genuine issue of fact to preclude summary judgment of noninfringement,

either literally or under the doctrine of equivalents.  In the absence of direct infringement, there can be no claim for indirect infringement. *Akamai*, 692 F.3d at 1308.

### III. ORDER

For the foregoing reasons, the court GRANTS Amazon's motion for summary judgment of noninfringement and DENIES Amazon's motion to dismiss for failure to prosecute as moot.

Dated: September 12, 2013

Howard R. Lloyd
United States Magistrate Judge

ORDER GRANTING SUMMARY
JUDGEMENT OF NONINFRINGEMENT                    - 7 -
Case No. C-11-01210 HRL